JOHN J. BURWICK *vs.* ZONING BOARD OF APPEALS
OF WORCESTER
(and two companion cases).

Worcester.   January 17, 1974. — February 6, 1974.

Present: HALE, C.J., ROSE, GOODMAN, GRANT, & ARMSTRONG, JJ.

*Zoning,* Board of Appeals: rules, record, decision.

Where a form of decision of a zoning board of appeals through an inadvertent and essentially clerical error did not conform to the intent of the board and was signed by its members in the mistaken belief that it did conform, the board had the power, without further public hearing, to correct its record by issuing another form of decision signed by its members which reflected its true intention. [740-742]

On the records of proceedings in equity under G. L. c. 40A, § 21, a decision by a zoning board of appeals was not to be invalidated on the ground of alleged failure to comply with provisions of § 18 as to adoption of rules, the time of its decision, the record of its proceedings, and filing a copy of its decision with the planning board. [742-745]

Where a decision by a zoning board of appeals was contested only on procedural grounds in a suit in equity in the Superior Court under G. L. c. 40A, § 21, the contestants could not raise issues as to the merits of the decision for the first time in this court on appeal. [745-746]

---

[8] The defendant in his brief does not allege a violation of any specific constitutional provision.

BILLS IN EQUITY filed in the Superior Court on May 30, June 22, and July 2, 1973.

The suits were heard by *Mitchell,* J.

*Walter J. Griffin* (*Richard M. Wall* with him) for Marjorie S. Glazer & others.

*Laurence S. Fordham* (*John D. Leubsdorf* with him) for John J. Burwick.

GRANT, J.   These are various proceedings in equity brought under G. L. c. 40A, § 21 (as most recently amended by St. 1972, c. 334), by the applicant (Burwick) and by certain abutters which draw into question the regularity of certain actions taken by the zoning board of appeals of Worcester (board) on an application for a special permit to use the locus for multi-family dwellings. The abutters have appealed from a final decree which contains within it certain ultimate findings (to be discussed) voluntarily made by the trial judge and which, in effect, determined that a decision rendered by the board on June 13, 1973, did not exceed the authority of the board. The evidence is reported. We make such findings of fact as are necessary to illuminate and dispose of the questions which have been raised and argued. *Simeone Stone Corp.* v. *Oliva,* 350 Mass. 31, 37 (1965).

1. By virtue of a vote of the city council of Worcester adopted on December 29, 1970, the zoning ordinance of the city was apparently amended in such fashion as to place the locus in an RL-7 zoning district, in which certain types of multi-family dwellings are permitted if a special permit therefor is first obtained from the board of appeals under the provisions of G. L. c. 40A, § 4, as amended, and under specific sections of the ordinance. On May 14, 1971, litigation was commenced in the Superior Court by all but one of the abutters in this case challenging the validity of the amendment to the zoning ordinance. On May 9, 1972, Burwick made the application to the board for a special permit which has given rise to the present controversy. On June 21, 1972, the board held a public hearing on the application, at the conclusion of which the members voted unanimously to grant the application in question but to

withhold the issuance of any formal decision because of the continued pendency of the aforementioned litigation in the Superior Court. At that time all the members of the board signed a copy of the site plan submitted by the applicant and orally agreed on the specific conditions and safeguards which should be inserted in any formal decision which might subsequently be issued. The litigation in the Superior Court was terminated by the entry on April 2, 1973, of a declaratory decree which, in effect, determined the 1970 amendment of the zoning ordinance to be valid as it affected the locus. On May 9, 1973, all the members of the board signed a form of decision which, by its terms, granted a special permit to Burwick and set out conditions and safeguards which were objectionable to Burwick and which differed materially from those orally agreed upon by the board on June 21, 1972. On June 13, 1973, all the members of the board signed another form of decision which, by its terms, granted a special permit to Burwick and set out conditions and safeguards which are consistent with the aforementioned site plan, are acceptable to Burwick, and are substantially identical with those orally agreed upon by the board on June 21, 1972.

The trial judge, who also heard and determined the earlier proceedings with respect to the amendment to the zoning ordinance, found that the form of decision dated May 9, 1973, was signed by the members of the board on that date "through mistake and error, in the mistaken and erroneous belief that they were signing what they had unanimously voted on June 21, 1972," and further found, in effect, that the form of decision dated June 13, 1973, expressed the intention of the board in accordance with its vote of June 21, 1972. We do not pause to recite the evidence which led to the judge's conclusions; it is sufficient to say that "[w]e are of opinion that the judge's findings 'were not wrong, much less plainly wrong.' " *Broderick* v. *Board of Appeal of Boston,* 361 Mass. 472, 478 (1972). The judge declared null and void the "purported decision" of May 9, 1973, and determined the "decision" of June 13, 1973, to be valid and in full force and effect.

Those rulings were correct. The board had the power, without holding a further public hearing, to correct an inadvertent (and essentially clerical) error in the form of decision signed on May 9, 1973, so that the record would reflect the true intention of the board. *Fortier* v. *Department of Pub. Util.* 342 Mass. 728, 732 (1961). See also *Almeida Bus Lines, Inc.* v. *Department of Pub. Util.* 348 Mass. 331, 340-341 (1965). Cf. *Dion* v. *Board of Appeals of Waltham,* 344 Mass. 547, 552-553 (1962). The action taken on June 13, 1973, was not an instance of a "reversal of a conscious decision" (*Cassani* v. *Planning Bd. of Hull, ante,* 451, 456 [1973]) or one (as in *Potter* v. *Board of Appeals of Mansfield, ante,* 89, 95-97 [1973]) in which a board has subsequently purported to grant relief different from that originally sought and aired at an advertised public hearing.

2. The abutters contend that the decision of June 13, 1973, should be held invalid because of the board's failure to comply with a number of the provisions of G. L. c. 40A, § 18 (as most recently amended by St. 1971, c. 1018), including failures (a) to adopt rules for conducting its business, (b) to make a decision within sixty days of the filing of the application, (c) to make a detailed record of its proceedings showing the vote of each member and setting forth clearly the reasons for its decision, and (d) to file a copy of its decision in the office of the planning board within fourteen days of the decision. The portions of § 18 relied on by the abutters are set forth in the margin.[1]

(a) The evidence as to whether the board had adopted rules for the conduct of its business was indecisive. No such

---

[1] "The board of appeals of each city or town shall adopt rules, not inconsistent with the provisions of the zoning ordinance or by-law of such city or town, for conducting its business and otherwise carrying out the purposes of this chapter, and shall file a copy of such rules in the office of the city or town clerk.... The decision of the board shall be made within sixty days after the date of the filing of an appeal, application or petition. The board shall cause to be made a detailed record of its proceedings, showing the vote of each member upon each question . . . and setting forth clearly the reason or reasons for its decisions, and of its other official actions, copies of all of which shall be filed within fourteen days in the office of the city or town clerk and in the office of the planning board and shall be public records. . . ."

rules were produced. The abutters do not identify the subjects they would like to see covered by any such rules, nor do they suggest how the existence of such rules or the board's adherence thereto might have benefited them or obviated this litigation. Compare *Zartarian* v. *Minkin,* 357 Mass. 14, 16-18 (1970); *Yahnel* v. *Board of Adjustment of Jamesburg,* 76 N. J. Super. 546, 550 (1962).

(b) The provision of § 18 with respect to the board's making its decision within sixty days of the filing of the application for a special permit has been held to be directory rather than mandatory. *Cullen* v. *Building Inspector of No. Attleborough,* 353 Mass. 671, 679-680 (1968). See also *Scott* v. *Board of Appeal of Wellesley,* 356 Mass. 159, 162 (1969); *Shuman* v. *Aldermen of Newton,* 361 Mass. 758, 765, and n. 9 (1972). The major portion of the delay in this case was pursuant to a vote of the board that it should await the outcome of pending litigation which would determine whether the board would have the power to issue a special permit or would be forbidden to do so by the provisions of G. L. c. 40A, § 12. Compare *Belfer* v. *Building Commr. of Boston,* 363 Mass. 439, 442-445 (1973). Contrast *Murphy* v. *Selectmen of Manchester, ante,* 407, 410-411 (1973).

(c) In essence, the members of the board signified their general approval of the application when they signed the aforementioned site plan at the conclusion of the hearing held on June 21, 1972. It may be inferred that that plan was available in the records of the board which, by tradition (if not by law), were kept and maintained by the city clerk. The decision of June 13, 1973, filed in the office of the city clerk on that date: recites that a view of the locus was taken by the members of the board in advance of the public hearing held on June 21, 1972; contains what appears to be a copy of the rather detailed and comprehensive application for the special permit; contains a list of the names and addresses of the persons notified of the hearing and a statement of the dates of notices of the hearing which had been published in a Worcester newspaper; identifies the three regular members of the board present at the hearing;

identifies by name and address a number of individuals recorded as in favor of or opposed to the application; contains a number of specific and general findings made by the board, including in the latter category a finding that "the proposed use would be in harmony with the general purpose and intent of the Zoning Ordinance"; contains a statement of the reasons relied on by the board for reaching the quoted conclusion; recites a vote by the board to authorize the issuance of a special permit on a number of explicitly stated conditions; and bears the signatures of all three members of the board. See, in this connection, the discussion of a like decision found in the case of *Zartarian* v. *Minkin,* 357 Mass. 14, 17-18 (1970). When the members of the board discovered the mistake involved in their signing the May 9, 1973, form of decision they all signed a letter dated May 30, 1973 (a signed carbon of which was produced at trial) to the city law department advising of their "typographical error or loss of a sheet" and stating that "we feel that the findings we signed should be vacated, and replaced by the original findings that we, the Board of Appeals, voted on."

The abutters are far from explicit in identifying the respects in which they contend the board failed to meet the record-keeping requirements of § 18. Having in mind that the records in question "shall be public records," we are not prepared to accept the abutters' suggestion that the board was required to preserve or to file with the city clerk copies of drafts of proposed findings or of a proposed decision.

(d) There seems to be no dispute that notice of the decision of June 13, 1973, was mailed by the city clerk's office to the abutters and other parties in interest on June 15, 1973. No question with respect to a failure to file a copy of the decision in the office of the planning board was raised during the course of the trial of this matter.[2] The brief of the

---

[2] It would seem (from an agreed and approved amendment to the agreed record on appeal) that this question was first raised by the trial judge in the course of closing arguments by counsel and that a copy of the decision of June 13, 1973, was filed with the city planning department on August 1, 1973.

abutters does not even assign a purpose to the filing of a copy of a decision of a board of appeals with a planning board.

The abutters have failed to show that they or any of them have been prejudiced in any respect by the board's failure to comply with any of the provisions of § 18 which have been discussed. See *Richardson* v. *Zoning Bd. of Appeals of Framingham,* 351 Mass. 375, 377 (1966); *Shaughnessy* v. *Board of Appeals of Lexington,* 357 Mass. 9, 14 (1970); *Shuman* v. *Aldermen of Newton,* 361 Mass. 758, 765 (1972). They nevertheless seek to have us penalize the applicant for failures of the board over which the applicant had no control (see the *Richardson* case, 351 Mass. at 377-378) by departing from a long and almost unbroken line of decisions which demonstrate a reluctance to construe the word "shall" as mandatory in determining the consequences (if any) of noncompliance with the provisions of G. L. c. 40A, §§ 16 and 21 (each as from time to time amended). See, e.g., *Halko* v. *Board of Appeals of Billerica,* 349 Mass. 465, 467 (1965); *Opie* v. *Board of Appeals of Groton,* 349 Mass. 730, 731-733 (1965); *Richardson* v. *Zoning Bd. of Appeals of Framingham,* 351 Mass. 375, 376-378 (1966); *McLaughlin* v. *Rockland Zoning Bd. of Appeals,* 351 Mass. 678, 679-680, 683 (1967); *Ladd* v. *Board of Appeal of Malden,* 352 Mass. 777 (1967); *Shaughnessy* v. *Board of Appeals of Lexington,* 357 Mass. 9, 13-14 (1970); *Carr* v. *Board of Appeals of Saugus,* 361 Mass. 361, 362 (1972). Compare *Staman* v. *Assessors of Chatham,* 350 Mass. 100 (1966); S.C. 351 Mass. 479 (1966). On this record we decline to make any such departure or to invalidate the decision of the board for any of the foregoing reasons urged by the abutters.

3. The abutters urge (principally from *Dion* v. *Board of Appeals of Waltham,* 344 Mass. 547, 555-556 [1962]) that we should reverse the decision of the Superior Court because neither Burwick nor the board introduced any evidence in support of the merits of the board's decision and because the court made no independent findings of its own on that possible aspect of the case. We do not agree. We do not read either of the bills filed by the abutters as raising

any such point.[3] The case was tried to its conclusion on the footing that the only issues for decision were those which we have discussed. Requests for findings and rulings (on which the judge took no express action) submitted in behalf of all but one of the abutters by counsel for all the abutters raised no question as to the merits of the board's decision. That question, not being jurisdictional, cannot be raised as of right for the first time in this court. *Green* v. *Board of Appeal of Norwood,* 358 Mass. 253, 257 (1970). *Lynch* v. *Board of Appeal of Boston, ante,* 353, 357 (1973). We decline to consider the question.

The final decree in No. 5926 Equity is to be modified by striking out the concluding paragraph thereof and as so modified is to be affirmed. A like decree (as so modified) is to be entered in each of Nos. 5996 and 6004 Equity.

*So ordered.*

---

[3] General Laws c. 40A, § 21 (as most recently amended by St. 1972, c. 334), provides in part that "[t]he bill shall allege that the decision exceeds the authority of the board, *and any facts pertinent to that issue . . .*" (emphasis supplied).