BOARD OF SELECTMEN OF STOCKBRIDGE *vs.* MONUMENT INN, INC. July 30, 1982. The board brought an action against the defendant (Monument) in 1977, seeking an injunctive order against Monument's use of its premises in alleged violation of the conditions of the special permit which the board had granted to Monument in 1970. That action was consolidated with a suit simultaneously commenced by Monument for a declaration that the special permit was unconditional. Summary judgments were entered in those actions but reversed on appeal when we stated in *Selectmen of Stockbridge* v. *Monument Inn, Inc.*, 8 Mass. App. Ct. 158, 164 (1979): "The detailed record of proceedings filed with the town clerk does not, as it stands, establish that the permit was restricted by the conditions set out in the Dohoney/Reder letter. Whether the permit as initially issued was intended to be so restricted and whether the failure to set that out was inadvertent or due to a clerical error, are questions of fact which . . . must be resolved upon further proceedings . . . ." At the conclusion of the trial on remand, the trial judge concluded that the board had issued a conditional special permit and that Monument had violated those conditions. Monument appeals, alleging numerous errors, which we treat seriatim.

1. The trial judge did not err in finding that the Dohoney/Reder letter containing the restrictions in issue was a part of "the detailed record of proceedings" as required by G. L. c. 40A, § 18, as amended through St. 1969, c. 870, § 1, and as then in effect. (See now G. L. c. 40A, § 11, as most recently amended by St. 1979, c. 117.) There was evidence to show that: (a) the letter was addressed and delivered to the board by Monument; (b) all correspondence received by the board was filed with the town records; and, (c) this letter, specifically, had been kept with the town records except for the period of its use in the instant litigation. Monument alleges that this finding is erroneous because there is no reference to the letter in either the minutes of the selectmen's meeting or on the face of the permit. However, that contention assumes that the required record is restricted to those two documents. Such a limitation was neither expressly nor impliedly contained in § 18, which provided, in pertinent part: "The board shall cause to be made a detailed record of its proceedings, showing the vote of each member upon each question . . . and setting forth clearly the reason or reasons for its decisions, and of its other official actions, copies of all of which shall be immediately filed in the office of the city or town clerk . . . and shall be public records."

2. In concluding that the trial judge properly admitted evidence extrinsic to the minutes of the board's meetings and the face of the special permit on the issue of the nature of the permit, conditional or unrestricted, we think it unnecessary to consider whether those documents constitute integrated ambiguous writings or whether the Dohoney/Reder letter is a collateral agreement. See, e.g., *New England Factors, Inc.* v. *Genstil*, 322 Mass. 36, 40 (1947); *Manganaro* v. *DeSanctis*, 351 Mass. 107, 111

(1966). See also 9 Wigmore, Evidence § 2430 (Chadbourn rev. 1981). Cf. Restatement (Second) of Contracts §§ 210, 214, & 215 (1981). Although "[i]t is a general rule that where a public board is required to act through votes at meetings and to keep records of its acts, the record duly kept cannot be varied or added to by other evidence," *Carbone, Inc.* v. *Kelly,* 289 Mass. 602, 605 (1935) (see also *Suburban Land Co.* v. *Billerica,* 314 Mass. 184, 192 [1943]), that rule does not preclude a public board from showing that a clerical error was made or from correcting it. See *Burwick* v. *Zoning Bd. of Appeals of Worcester,* 1 Mass. App. Ct. 739, 742 (1974), and authorities cited. The trial judge's finding that "the failure on the part of the [b]oard to include any specific instructions in the body of the permit so issued on March 24, 1970, or in the letter transmitting said permit . . . was unintentional and was due to clerical error on the part of the employee whose duty it was to perform such clerical actions" was not clearly erroneous in light of the testimony given by two selectmen and the secretary to the board, all of whom held their positions in 1970.

3. We conclude that the board corrected the clerical error within a reasonable time of its discovery, see *Dion* v. *Board of Appeals of Waltham,* 344 Mass. 547, 553 (1962), considering the evidence that: (a) pursuant to Monument's request in May of 1974, that the special permit be filed with the registry of deeds under G. L. c. 40A, § 18, the board furnished Monument, for filing purposes, a signed special permit form to which the presently disputed conditions were attached; (b) when Monument applied for a further special permit in 1976, it stated in its application that "[i]t presently holds a special permit," that "[t]he permit contains certain limitations," and that "there exist[ ] certain doubts as to the interpretation of the exact meaning of these limitations;" and, (c) it was not until 1977 that Monument denied that those conditions, whatever their meaning, had been placed on the special permit by the board in 1970. Further, these considerations provide additional demonstration that the board corrected its record in 1977 to reflect its true intention in 1970 to grant Monument a conditional special permit. See *Burwick* v. *Zoning Bd. of Appeals of Worcester,* 1 Mass. App. Ct. at 742. Compare *Potter* v. *Board of Appeals of Mansfield,* 1 Mass. App. Ct. 89, 95-97 (1973); *Cassani* v. *Planning Bd. of Hull,* 1 Mass. App. Ct. 451, 456 (1973).

4. It was for the trial judge to determine whether the facts showed that Monument's conduct was such that it was estopped from denying that it had been granted a conditional special permit. See *Quality Fin. Co.* v. *Hurley,* 337 Mass. 150, 155-156 (1958); *Capozzi's Case,* 4 Mass. App. Ct. 342, 347 (1976). We cannot say that the trial judge erred in concluding that an estoppel had occurred where, in addition to those findings recited in par. (3)(a) through (c) above, he also found that Monument, by delivering the Dohoney/Reder letter to the board on March 23, 1970, intended to induce the board to grant the special permit and that the board relied upon the representations made by Monument's attorney in that

letter in granting the special permit. See *Uccello* v. *Gold'n Foods, Inc.*, 325 Mass. 319, 327-330 (1950); *Cellucci* v. *Sun Oil Co.*, 2 Mass. App. Ct. 722, 727-729 (1974).

5. Our conclusions in pars. 3 and 4 above dispose of Monument's claim that the board is estopped from asserting that the special permit is conditional. Cf. *Ferrante* v. *Board of Appeals of Northampton*, 345 Mass. 158, 162-163 (1962); *Marblehead* v. *Deery*, 356 Mass. 532, 537 (1969); *Doris* v. *Police Commr. of Boston*, 374 Mass. 443, 449 (1978). The board's present position is in no way inconsistent with the action it took in 1970, and Monument's reliance on *Yenofsky* v. *Silk*, 305 F.Supp. 991, 994 (D. Mass. 1969), is misplaced.

6. The trial judge was correct in concluding that Monument was in breach of the conditions of the special permit where there was evidence to support his findings that: (a) Monument had moved the stage from its original location to a new site and in so doing had substantially increased the spectator area; (b) Monument had enlarged the stage from its original size of 20' by 40' to one of 36' by 58' plus two side wings; and (c) Monument had not requested the board's permission for either the relocation or the expansion. Monument's insistence that these acts constituted a permissible use of its property appears to be caused by its failure to appreciate the distinction between a proper extension of a preexisting or nonconforming use (see, e.g., *Billerica* v. *Quinn*, 320 Mass. 687 [1947]; *Powers* v. *Building Inspector of Barnstable*, 363 Mass. 648, 653-658 [1973]; *Selectmen of Blackstone* v. *Tellestone*, 4 Mass. App. Ct. 311 [1976]) and an enlargement of facilities in violation of the express terms of the conditions of a special permit.

7. Monument's remaining contentions, that the conditions of the special permit pertain only to water supply problems, that they were not effective until the special permit was filed with the registry of deeds under § 18, and that certain evidentiary rulings by the trial judge were erroneous, are so lacking in substance as to make discussion unwarranted.

The judgments are substantially correct but miscaptioned. The judgment in Case No. 28544 is affirmed. However, in Case No. 28545, the judgment should not be in the form of a dismissal of the action, and it is to be modified by deleting that provision and substituting in place thereof a declaration the same in substance as that set out in Case No. 28544. As so modified, the judgment in Case No. 28545 is affirmed.

*So ordered.*

*F. Anthony Mooney* for Monument Inn, Inc.
*Ronald E. Oliveira* for Board of Selectmen of Stockbridge.