NEAL R. SAMSON & others[1] *vs.* SAN-LAND DEVELOPMENT CORPORATION & another.[2] January 19, 1984. *Zoning,* Amendment of by-law or ordinance.

---

[1] Deane Samson, John J. Rockett, Jr., Linda Rockett, Edward J. Duggan, Elizabeth Duggan, Richard Miller, Jean Miller, Helen J. Tufts, and Thomas J. Tessier.

[2] The board of appeals of Northampton.

This is an appeal by the plaintiffs from a judgment entered in the Superior Court affirming a decision of the board of appeals of Northampton (board), which granted to the defendant San-Land Development Corporation (San-Land) a permit to build multifamily housing on its property in Northampton. We summarize the facts which are not disputed.

On January 26, 1972, San-Land filed a perimeter plan with the planning board and obtained its stamp indicating that subdivision approval was not required. See G. L. c. 41, § 81P. San-Land then filed an application with the board to build forty-nine units of multifamily housing on its land in Northampton. At the time of the application the locus was zoned Residence B, which permitted the construction of multifamily housing, subject to certain conditions. One of the conditions required that a permit be obtained from the board. Because the ordinance did not define the use of the land for multifamily housing as an "exception," the required permit was not a "special" permit. The ordinance did not give the board discretion to grant or deny the permit; if the applicant met the conditions, the permit had to be granted.[3] After a public hearing, the board granted the permit to San-Land. The plaintiffs, who were abutters, appealed to a District Court. That court upheld the board's decision with one modification. The plaintiffs appealed to the Superior Court in June, 1973, and the case was referred to a master. In 1975, while the case was pending in the Superior Court, Northampton adopted a new zoning ordinance. The ordinance changed the zoning for the district where San-Land's property was located and specifically prohibited multifamily housing without a special permit. After the adoption of the zoning ordinance and both before and after the master's hearing, the plaintiffs filed motions for summary judgment on the ground that the adoption of the ordinance during the pendency of the case made the action moot and required that it be remanded to the board for further hearings. The motions were denied.

After the master's report was filed and various motions concerning it were heard by the judge, judgment was entered affirming the decision of the board as modified by the District Court.

1. The plaintiffs contend that the adoption of a new zoning ordinance while litigation is pending over a zoning permit issued under the prior ordinance requires that the case be dismissed as moot. Their argument is without merit. San-Land filed a perimeter plan with the planning board and received its endorsement that approval under the subdivision control law was not required. See G. L. c. 41, § 81P. In that situation G. L. c. 40A, § 6, sixth par., provides for a zoning freeze period of three years, running from the date of the endorsement of the plan. *Falcone* v. *Zoning Bd. of Appeals of Brockton,* 7 Mass. App. Ct. 710, 712 (1979). Its predecessor statute, G. L. c. 40A, § 7A, second par., as in effect prior to St. 1975, c. 808, § 3, provided the same protection. *Cape Ann Land Dev.*

---

[3] The other conditions in the ordinance referred to questions of building height, occupancy, density, setbacks, apartment size, off-street parking, and the like.

*Corp.* v. *Board of Appeals of Gloucester,* 371 Mass. 19, 21-23 (1976). During the zoning freeze period the use of the land "is governed by the applicable provisions of zoning ordinances or by-laws in effect at the time the plan was submitted." *Falcone* v. *Zoning Bd. of Appeals of Brockton, supra.* The plaintiffs commenced litigation during the freeze period in an attempt to overturn the board's decision to issue a permit to San-Land. The litigation suspended the running of the three-year period in the circumstances of this case. See *Cape Ann Land Dev. Corp.* v. *Board of Appeals of Gloucester, supra* at 23; *M. DeMatteo Constr. Co.* v. *Board of Appeals of Hingham,* 3 Mass. App. Ct. 446, 461-462 (1975), as to discussions of this point in regard to the similar provisions of the earlier statute, G. L. c. 40A, § 7A. See also *Smith* v. *Building Commr. of Brookline,* 367 Mass. 765, 773-775 (1975), in regard to G. L. c. 40A, § 11, as in effect prior to St. 1975, c. 808, § 3. For the present law see G. L. c. 40A, § 6, eighth par., as appearing in St. 1975, c. 808, § 3, which specifically provides that any appeal or any litigation extends "the exemptive provisions . . . for a period equal to that from the date of filing of said appeal or the commencement of litigation, whichever is earlier, to the date of final disposition thereof, provided final adjudication is in favor of the owner of said lot."

2. The plaintiffs' argument that the new zoning ordinance applies "to some extent" and that further hearings must be held by the board is also without merit. The statutory protection extends to "the elimination of or reduction in the kind of uses which were permitted when the plan was submitted to the planning board." *Perry* v. *Building Inspector of Nantucket,* 4 Mass. App. Ct. 467, 471 (1976), quoting from *Bellows Farms, Inc.* v. *Building Inspector of Acton,* 364 Mass. 253, 260 (1973). Here, the use (multifamily housing) was completely eliminated by the new zoning ordinance. Thus, the statutory protection extends to San-Land, and it is not required to seek a special permit.

3. The plaintiffs contend that San-Land is not entitled to any statutory protection because it did not "actively pursue the litigation." The judge's findings and conclusions make no reference to any such claim, and nothing in this record indicates that it was raised below. We, therefore, will not consider it on appeal. *Royal Indem. Co.* v. *Blakely,* 372 Mass. 86, 88 (1977). We add that it was the plaintiffs who brought this litigation, not San-Land, and there is nothing in the docket that demonstrates that the plaintiffs tried to speed up the process, nor does the docket show that San-Land tried to obstruct the litigation by dilatory tactics.

*Judgment affirmed.*

*Alan Verson* for the plaintiffs.
*Lewis A. Whitney, Jr.,* for the defendants.