# DECISIONS

J & R INVESTMENT, INC., & another[1] *vs.* CITY CLERK OF
NEW BEDFORD & others.[2]

No. 88-P-627.

Bristol. September 11, 1989. — November 2, 1989.

Present: ARMSTRONG, CUTTER, & FINE, JJ.

*Subdivision Control*, Constructive approval of plan. *Practice, Civil*, Relief
in the nature of mandamus.

Neither of two votes by a city council, functioning as a planning board for
purposes of the Subdivision Control Law, constituted a determination
that a certain plan of land required subdivision approval. [3-5]
Affidavits of individual members of a city council, stating their subjective
intent to adopt a measure different from ones actually voted, raised no
triable issue as to the meaning of the votes and were insufficient to
overcome a motion for summary judgment. [5]

---

[1]CGI Properties, LTD. II Realty Trust, which has agreed to purchase
the subject property from J & R Investment, Inc.

[2]The other original defendants were elected members of the city council
of New Bedford. They also comprised the board of survey of New Bedford
which, for purposes of the Subdivision Control Law, functions as the plan-
ning board. We refer to the defendant members of the city council
throughout the opinion as the planning board (or board). The planning
board was also named as a defendant together with the city itself. Other
defendants are interveners, owners of property abutting the subject
property.

Where a city's planning board failed to act within the time allowed by
G. L. c. 41, § 81P, on a request for an endorsement on a certain plan
of land to the effect that approval under the Subdivision Control Law
was not required, a civil action seeking relief in the nature of manda-
mus was appropriate to compel the city clerk to issue a certificate stat-
ing that the plan was entitled to the requested endorsement. [6-8]

In the circumstances, twenty-five days was a reasonable time within which
to commence a civil action seeking relief in the nature of mandamus
against a city clerk who had refused to issue a certificate stating that a
certain plan of land was entitled to an endorsement that approval under
the Subdivision Control Law was not required. [8-9]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 16, 1986.

The case was heard by *Constance M. Sweeney,* J., on a
motion for partial summary judgment.

*Raymond A. Letourneau* for the defendants.

*Richard Erwin Burke, Jr.,* for the plaintiffs.

FINE, J. This is an appeal from a partial summary judg-
ment in favor of the plaintiffs entered in the Superior Court
pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974). The
only aspect of the judgment contested by the defendants be-
low and argued on appeal relates to the plaintiffs' claim that
they had the right to have a plan of certain land they owned
in New Bedford endorsed "approval under the subdivision
control law not required" in accordance with G. L. c. 41,
§ 81P, as appearing in St. 1963, c. 363, § 1.[3] That statute

_____

[3]General Laws c. 41, § 81P, as so appearing, provided:

"Any person wishing to cause to be recorded a plan of land situated in a
city or town in which the subdivision control law is in effect, who believes
that his plan does not require approval under the subdivision control law,
may submit his plan to the planning board of such city or town . . . , and,
if the board finds that the plan does not require such approval, it shall
forthwith, without a public hearing, endorse thereon or cause to be en-
dorsed thereon by a person authorized by it the words 'approval under the
subdivision control law not required' or words of similar import . . . , and
such endorsement shall be conclusive on all persons. Such endorsement
shall not be withheld unless such plan shows a subdivision. If the board
shall determine that in its opinion the plan requires approval, it shall
within fourteen [now twenty-one] days of such submittal, give written no-
tice of its determination to the clerk of the city or town and the person
submitting the plan, and such person may submit his plan for approval as

provided that if, within fourteen days of the filing of a plan and application for such an endorsement, the planning board failed to act either by finding that the plan did not require approval or by both determining that the plan did require approval and giving notice of that determination, "it shall be deemed to have determined that approval under the subdivision control law is not required."

In a careful and comprehensive memorandum of decision, based upon facts not in dispute, the motion judge ruled: (1) that neither the planning board nor its agent, the city planner, acted on the plaintiffs' plan within fourteen days of its submission, and the defendant board members were deemed, therefore, to have determined that subdivision approval was not required; and (2) that the plaintiffs' claim was properly brought in a declaratory judgment action seeking, among other things, relief in the nature of mandamus, and therefore the claim was not barred on grounds of untimeliness under G. L. c. 41, § 81BB. We agree with the judge's analysis and therefore affirm the judgment.

1. *Constructive allowance of the application for a § 81P endorsement.* The plaintiffs' application for the § 81P endorsement, with the accompanying plan, was filed with the

---

provided by law and the rules and regulations of the board, or he may appeal from the determination of the board in the manner provided in section eighty-one BB. If the board fails to act upon a plan submitted under this section or fails to notify the clerk of the city or town and the person submitting the plan of its action within fourteen [now twenty-one] days after its submission, it shall be deemed to have determined that approval under the subdivision control law is not .required, and it shall forthwith make such endorsement on said plan, and on its failure to do so forthwith the city or town clerk shall issue a certificate to the same effect. The plan bearing such endorsement or the plan and such certificate, as the case may be, shall be delivered by the planning board, or in the case of the certificate, by the city or town clerk, to the person submitting such plan. The planning board of a city or town which has authorized any person, other than a majority of the board, to endorse on a plan the approval of the board or to make any other certificate under the subdivision control law, shall transmit a written statement to the register of deeds and the recorder of the land court, signed by a majority of the board, giving the name of the person so authorized.

The endorsement under this section may include a statement of the reason approval is not required."

board on April 22, 1986. The plan covered one parcel of land in New Bedford, zoned for business use. It showed the perimeter of the lot, almost nine acres in size, not subdivided and with no proposed ways, with fifty feet of frontage on a public way. The plaintiffs intended to construct multifamily housing on the site, a permitted use in a business zone.

The plaintiffs' application did not appear on the agenda for a meeting of the planning board on the evening of April 22d, and no one representing the plaintiffs attended the meeting. The defendants rely upon two votes taken at the end of that meeting to constitute action on the plan which, they say, was a determination that subdivision approval was required. The first vote was: that "the City Planner be and he hereby is directed to disapprove and refer to the [planning board] any plans which are questionable as to the applicability of Form A or any other form, and which are controversial, for final determination." The second vote was: "that the City Planner be directed to defer any subdivision consideration to the [planning board] on any proposal on land situated southerly of Forbes Street."

For an official vote to constitute a determination that a particular plan requires subdivision approval it should, minimally, be capable of being read by a reasonable person both as making such a determination and as relating to that plan. Neither vote, either by its express terms or by reasonable inference, can be construed as a determination that the plaintiffs' plan required subdivision approval.

Previously, by means of a formal written statement filed in accordance with § 81P in the registry of deeds for Bristol County, the city planner for New Bedford purportedly had been granted blanket authority by the planning board to determine whether particular plans should receive endorsements indicating that subdivision approval was not required. In light of that background, the first vote appears, reasonably, to be a modification of the city planner's authority with respect to plans that are questionable or controversial. Although the word "disapprove" appears in the vote, it relates to a broad category of plans and not to any specific ones.

There is no indication in the vote that the board viewed the plaintiffs' plan as controversial or questionable.

The second vote would have included the plaintiffs' plan because the land in question, along with more than half the land in New Bedford, lies south of Forbes Street. However, the second vote cannot be construed as a determination with respect to the plaintiffs' plan as the vote does no more than direct the city planner to refer consideration of such plans to the board.

Identical affidavits, uncontested in any way by the plaintiffs, were filed by the members of the planning board who attended the April 22d meeting. The affidavits stated, in reference to the votes, that the members intended to deny the plaintiffs' application. The affidavits, however, do not assert that the minutes inaccurately reflect the votes actually taken. Compare *Selectmen of Stockbridge* v. *Monument Inn, Inc.*, 14 Mass. App. Ct. 957 (1982). As evidence of the voting members' subjective intent, essentially to adopt a measure different from the ones voted, the affidavits are irrelevant to the issue whether the board acted within the allowable time period. See *Kay-Vee Realty Co.* v. *Town Clerk of Ludlow*, 355 Mass. 165, 169-170 (1969). The question is not what the members may want to do but whether reasonable persons examining the formal records could ascertain that a particular action had been taken. See *Selectmen of Pembroke* v. *R. & P. Realty Corp.*, 348 Mass. 120, 126 (1964); *Zaltman* v. *Town Clerk of Stoneham*, 5 Mass. App. Ct. 248, 251-252 (1977). Contrary to the defendants' contentions, therefore, the affidavits do not raise a triable issue as to the meaning of the votes and are insufficient to overcome the motion for summary judgment.

Apart from those two votes of the board, nothing occurred within the relevant fourteen-day period that constituted action on the plan either by the board or its purported agent, the city planner. The parties agree that the city planner did no more than refer the application back to the board and notify the plaintiffs accordingly. The board's further vote of May 22, 1986, whether or not it would qualify as a determi-

nation that subdivision approval was required, was too late. In view of the planning board's failure to act within the time limit, the plaintiffs had the right to the requested endorsement on the plan.

2. *The appropriate remedy.* On May 20, 1986, more than fourteen days having elapsed from the filing of the application, the plaintiffs, in accordance with § 81P, submitted to the city clerk a proposed certificate stating, in essence, that their plan was entitled to the requested endorsement. The city clerk refused to sign the certificate. On June 16, 1986, the plaintiffs filed their complaint for declaratory judgment seeking, among other things, an order "in mandamus" that the city clerk issue the appropriate certificate.

Section 81P provides specifically for a right to appeal under G. L. c. 41, § 81BB,[4] but only with respect to cases in which a board has determined that subdivision approval of a submitted plan *is* required. The absence of a reference in § 81P to such an appeal from a city clerk's failure to issue an appropriate certificate suggests that § 81BB may not be applicable to such a claim. Nevertheless, the defendants contend that the plaintiffs' only remedy was under G. L. c. 41, § 81BB. That section allows a twenty-day period for entry of appeals in the Superior Court or the Land Court from certain actions and failures to act. The short limitations period in the statute is consistent with the legislative goal of enabling parties affected by subdivision control proceedings to rely on planning board actions which have not been promptly

---

[4] The first sentence of G. L. c. 41, § 81BB, as appearing in St. 1982, c. 533, § 2, provides:

"Any person, whether or not previously a party to the proceedings, or any municipal officer or board, aggrieved by a decision of a board of appeals under section eighty-one Y, or by any decision of a planning board concerning a plan of a subdivision of land, or by the failure of such a board to take final action concerning such a plan within the required time, may appeal to the superior court for the county in which said land is situated or to the land court . . . ; provided, that such appeal is entered within twenty days after such decision has been recorded in the office of the city or town clerk or within twenty days after the expiration of the required time as aforesaid, as the case may be, and notice of such appeal is given to such city or town clerk so as to be received within such twenty days."

challenged. See *Selectmen of Pembroke* v. *R. & P. Realty Corp.*, 348 Mass. at 125. Accord *Iodice* v. *Newton*, 397 Mass. 329, 334 (1986). There is no dispute that when the complaint in this case was filed on June 16, 1986, more than twenty days had elapsed since any action or inaction by New Bedford officials contrary to the plaintiffs' interests.

As the remedy under § 81BB, according to its terms, is exclusive in situations to which it applies, we must determine whether it applies to the plaintiffs' claim. It applies to appeals from "[a]ny person . . . aggrieved by . . . any decision of a planning board concerning a plan of a subdivision of land, or by the failure of such a board to take final action concerning such a plan within the required time . . . ."[5] The plaintiffs were not claiming, however, to be aggrieved by the board's actions or failure to act with respect to their plan. That failure gave them the right to the endorsement they were seeking. Instead of making a claim based upon aggrievement, the plaintiffs were seeking to have the city clerk perform her non-discretionary duty under § 81P to issue the certificate.

Generally, a civil action seeking relief in the nature of mandamus is appropriate to compel a public official to perform an act she is legally obligated to perform. See *Mass. Soc. of Graduate Physical Therapists, Inc.* v. *Board of Registration in Medicine*, 330 Mass. 601, 605-606 (1953). In an analogous situation, a claim that a subdivision plan received constructive approval under § 81U, it was held in *Kay-Vee Realty Co.* v. *Town Clerk of Ludlow*, 355 Mass. 165 (1969), that, notwithstanding the exclusivity language in § 81BB, mandamus was a remedy available to the property owner seeking to have an appropriate certificate filed.

The defendants contend that the plaintiffs could have viewed events other than the April 22d votes as final action triggering the right to appeal under § 81BB. The defendants point (a) to a letter written May 2, 1986, by the city clerk

---

[5]One may be aggrieved by the failure of a board to act, for example, when such inaction results in the constructive approval of a plan he opposes. See G. L. c. 41, § 81U.

informing the plaintiffs, incorrectly, that the city planner had disapproved their plan and also that he had referred the plan to the board; and (b) to the ambiguous and untimely May 22d planning board vote. The plaintiffs did not treat either the inaccurate letter or the ambiguous, untimely vote as final action, however; they relied instead on the constructive approval of their application. In that situation, a remedy in the nature of mandamus was available. See *Kay-Vee Realty Co. v. Town Clerk of Ludlow*, 355 Mass. at 169.

Although there is no statutory or other clearly defined time limit within which an action in the nature of mandamus must be brought, one may not delay unreasonably. See *Hill v. Mayor of Boston*, 193 Mass. 569, 574 (1907). Here twenty-five days elapsed between the clerk's refusal to issue the certificate and the lawsuit. Given the legislative concern with establishing orderly procedures for prompt action in matters relating to subdivision control to facilitate reliance by concerned parties on official records (see *Nantucket Land Council, Inc. v. Planning Bd. of Nantucket*, 5 Mass. App. Ct. 206, 208-209 [1977]), such an action should be brought soon after a clerk's refusal to comply with a request. The Legislature's selection of a twenty-day period for bringing § 81BB appeals is not dispositive of what, in the circumstances, is a reasonable period, but it provides some guidance.

According to an uncontested affidavit from the attorney who was representing the plaintiffs in 1986, he had been told as late as June 6, 1986, by an assistant city solicitor assigned to work on the plaintiffs' claim that the plaintiffs could expect a result favorable to their position. Only on June 9th was the plaintiffs' attorney informed that the city solicitor's opinion would be unfavorable. In the circumstances, the delay was not, in our view, unreasonable. We need not decide

whether a delay of longer duration would have been unreasonable.[6]

*Partial summary judgment affirmed.*

---

[6]The judge also ruled in favor of the plaintiffs on their claim, pursuant to G. L. c. 40A, § 6, sixth par. that, for a three-year period following endorsement of the plan by the city clerk, they may use the subject property as permitted by the zoning in effect on the date they submitted their plan, April 22, 1986. In the meantime, on October 10, 1986, the zoning for the district was changed, and multifamily housing is no longer a permitted use. Although this is the only aspect of the case that is of practical significance to any of the parties, the defendants did not address it before the motion judge, and they have not addressed it on appeal. For that reason we do not consider it. See *Cape Ann Land Dev. Corp.* v. *Gloucester*, 371 Mass. 19, 20, 24 (1976); *Samson* v. *San-Land Dev. Corp.*, 17 Mass. App. Ct. 977, 978 (1984).