Neel, J.
This is an action seeking an order of mandamus. The plaintiff, Deborah Skauen Hinchliffe, initially sought an order from this court directing the defendant, Robert J. Koning, the Building Commissioner for the town of Carlisle, to revoke a Special Permit granted to Dr. Peter L. Morey (“Morey”) by the Board of Appeals of the Town of Carlisle (the “Board”). The plaintiff now concedes that such an order is not permissible.[1] Instead, she has moved for summary judgment pursuant to Mass.R.Civ.P. 56 on her prayer for an order that the defendant comply with section 8.1 of the Town’s By-Laws.[2] For the reasons set forth below, the plaintiffs motion is denied. Furthermore, although the defendant has not filed a cross motion for summary judgment, the court may, in appropriate cases, enter summary judgment against the moving party sua sponte,[3] Mass.R.Civ.P. 56(c). This is such a case. Accordingly, summary judgment will be entered against the plaintiff.
BACKGROUND
The material undisputed facts, derived from the submissions of the parties, are as follows.
Plaintiff is the owner of property which abuts the Carlisle Animal Hospital, Inc. (“Hospital”).[4] Prior to November 1, 1990, Morey, the Hospital’s owner, applied for a renewal of his Special Permit to operate the Hospital. On that date the Board granted the Special Permit, subject to seven conditions.[5]
On May 1, 1991, the plaintiff wrote to the Board alleging that Morey had violated certain conditions of his Special Permit, and requested a “show cause” hearing. By letter dated June 17, 1991, the Board informed the plaintiff that it lacked the authority, at that time, to conduct a “show cause” hearing. The Board suggested that plaintiff contact either the town’s “Board of Selectmen or Building Inspector” to pursue an enforcement action against Morey. The plaintiff wrote to defendant on August 2, 1991, requesting that he institute enforcement proceedings against Morey to revoke his Special Permit.
By letter dated August 8,1991, defendant acknowledged the plaintiffs letter, and stated that he was “in the process of investigating this problem with Dr. Morey and Town officials. As soon as we resolve this issue, I shall contact you with the results.” That was the last time the plaintiff heard from the defendant. On November 2, 1993, the plaintiff filed the present action in the Middlesex Superior Court.
DISCUSSION
A civil action in the nature of mandamus is an appropriate remedy “to compel a public official to perform an act she is legally obligated to perform.” J&R Investment, Inc. v. City Clerk of New Bedford, 28 Mass.App.Ct. 1, 7 (1989). However, a mandamus action should only be used as a last resort because it is “extraordinary and may be granted only to prevent a failure of justice in instances where there is no alternative remedy.” Callahan v. Superior Court, 410 Mass. 1001 (1991), citing Lutheran Serv. Ass’n of New England, Inc. v. Metropolitan Dist. Comm'n, 397 Mass. 341, 344 (1986).
Plaintiff alleges that when she wrote to defendant on August 2, 1991, requesting that he enforce section 8.1 of the town’s by-laws, defendant had a duty either to enforce the town’s by-laws, or to inform her in writing, within fourteen days, of the reasons for his refusal to act. See G.L.c. 40A, §7.[6] Defendant’s August 8 reply failed to address this duty. Instead, he simply informed the plaintiff that he would look into the matter. Since then, defendant has neither taken action against Morey nor notified the plaintiff in writing of the reasons for his refusal to do so.
The defendant’s failure to respond in the manner required left plaintiff in procedural limbo, because the August 8,1991 letter did not trigger the plaintiffs right of appeal to the permit granting authority under G.L.c. 40A, §15. The procedural issue raised by a building commissioner’s failure to respond to a request for enforcement was specifically left undecided in Vokes v. Avery W. Lovell, Inc., 18 Mass.App.Ct. 471 (1984).
In Vokes, the court stated that the fourteen-day requirement of G.L.c. 40A, §7 is “directory and not mandatory,” and that the date on which a zoning enforcement officer responds in writing to a §7 request for enforcement “creates the appealable decision contemplated by §8 and becomes the date for measuring *271 the thirty-day appeal period set forth in §15.” Vokes, supra at 479. In a footnote, the Appeals Court “leave[s] for another occasion analysis of the concern that a slothful building inspector could prevent complaining parties from exercising their rights by doing nothing . . . and whether . . . the parties seeking enforcement may have an alternative to the time and expense which might accompany resort to a complaint in the nature of a mandamus.” Id., at 479 n. 11.
It may be argued that the Appeals Court implicitly recognizes, in footnote 11, the availability of a mandamus action in the circumstances it describes. This court will assume as much for present purposes. Even so, a plaintiff seeking the equitable remedy of mandamus must act with reasonable promptness. While “there is no statutory or other clearly defined time limit within which an action in the nature of mandamus must be brought, one may not delay unreasonably.” J&R Investment, Inc. v. City Clerk of New Bedford, 28 Mass.App.Ct. 1, 8 (1989).
In the present case, more than two years elapsed between defendant’s letter and plaintiffs filing of this action. It is obvious that when the legislature drafted the provisions of c. 40A governing enforcement of a zoning by-law, prompt action was contemplated. See, e.g., G.L.c. 40A, §7 (fourteen-day response to enforcement request); §15 (appeal to permit granting authority must be taken within thirty days); and §17 (appeal to the Superior Court must be taken within twenty days). See also, J&R Investment, Inc., supra, at 8. The plaintiff could have filed her mandamus action soon after she received defendant’s letter. A delay of more than two years is, in this court’s view, unreasonable.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs Motion for Summary Judgment is DENIED. It is further ORDERED that summary judgment shall enter in favor of the defendant.
This bylaw shall be enforced by the Board of Selectmen either directly or through the Building Commissioner. If the Building Commissioner or the Board of Selectmen is requested in writing to enforce this zoning bylaw against a person allegedly in violation and he declines to act, he shall notify, in writing, the party requesting such enforcement of any action or refusal to act, and the reasons therefor, within fourteen (14) days of receipt of such request.

Both parties agree that the power to revoke a Special Permit rests with the Town’s Board of Appeals and not with the Building Commissioner.

Section 8.1 of the Zoning By-Law of the Town of Carlisle states:

In its opposition, the defendant requested that this court dismiss the plaintiffs complaint and enter summary judgment in its favor.

Morey has operated the Hospital by permit since 1968. The plaintiff has been an abutter to the Hospital since 1976.

he relevant conditions are as follows:
4.Sufficient off-street parking shall be provided to take care of all motor vehicles without creating additional traffic hazards, and said parking areas shall be adequately screened. Brush or other vegetation shall be maintained as high as possible consistent with traffic safety.
5. A small sign shall be posted stating that dogs are not to be walked on the private property abutting the right of way.
6. Sunday operation, except for emergency, is to be limited to twice annually for charitable purposes, not to start before 10:00 A.M.

Section 7 of G.L.c. 40A provides that the Building commissioner “shall notify in writing, the party requesting . . . enforcement [of the zoning by-law] of any action or refusal to act, and the reasons thereof, within fourteen days of receipt of such request” for enforcement.