Green, J.
By complaint filed December 10, 1996, plaintiff Attitash Acres, Inc., requests an order requiring the Planning Board of the Town of Merrimac (board) to endorse, as “approval not required” (ANR), a plan of land submitted by plaintiff to the board and showing a division of such land into a number of lots. Plaintiff claims that it is entitled to such relief on the grounds that the board’s failure to act upon the plan within the time required under G.L.c. 41, §81P, resulted in a constructive grant of the ANR endorsement.
Plaintiff filed its motion for summary judgment on March 6, 1997, accompanied by a memorandum in support of the motion, and an affidavit of William S. MacLeod (MacLeod), president of Andover Consultants, Inc. (Andover). The board filed a memorandum in opposition to plaintiffs motion on March 27, 1997. Oral argument was heard on June 12, 1997. At the close of argument, I requested that the parties submit in a supplementary filing those materials which they wished to comprise the record in this case, either as facts asserted by affidavit, or as documentary evidence authenticated in an appropriate manner. I further invited the parties to submit supplemental memoranda on the question of whether plaintiffs claim had been brought timely. The original deadline for all supplementary submissions was July 10, 1997; by agreement of the parties, the deadline was extended to September 30, 1997. On June 19, 1997, plaintiff submitted a supplemental memorandum in support of its summary judgment motion. On September 25, 1997, the board submitted a supplemental memorandum in opposition to the motion, along with affidavits of Arthur Evans, chairman of the board, Evelyn M. Greeley, secretary to the board, and Patricia True, town clerk.
By letter of October 7, 1997, I advised the Chief Justice for Administration and Management of the Trial Court (CJAM) that, to the extent the relief sought in this case is in the nature of mandamus, the Land Court lacks jurisdiction.[2] By order of transfer and assignment dated October 8, 1997, CJAM transferred this case to the Essex County Superior Court Department (where it was assigned docket number 97-2054), and assigned me to the Superior Court Department for the purpose of hearing it.
For the reasons discussed below, I find that plaintiffs claim was not timely brought. Accordingly, plaintiffs motion for summary judgment is denied, plaintiffs complaint is dismissed, and judgment shall enter in favor of defendants.
The following facts are established by the record.
1. Plaintiff is the owner of a parcel of land (locus) on Lane’s Ten Acre Road, a private way in Merrimac. MacLeod is president of Andover, a firm engaged by plaintiff for engineering services relating to locus.
2. Pursuant to its engagement, Andover prepared a plan of locus showing a division of the land thereon into a number of lots (the plan).[3]
3. On July 2, 1996, Andover mailed the plan to the board by certified mail, together with (i) a letter stating that the plan was submitted trader G.L.c. 41, §81P, (ii) an “Application for a Determination of Planning Board Jurisdiction” (Form A), and (iii) a ten-dollar check, representing the application fee. On the same day, Andover also sent notice of its application by certified mail to the Merrimac town clerk. Both recipients acknowledged receipt on July 8, 1996.
4. Following receipt of the plan, the board chairman instructed the secretary to the board to notify Andover that the plan did not show frontage on an approved way. By letter dated July 9, 1996, the board secretary advised Andover that “(t]he attached Form A and plan *732 does not show Frontage on an approved way; Please attend our meeting on July 29 to discuss this.”
5. On July 29, 1996, the board secretary delivered a copy of her July 9 letter to the town clerk, who filed the letter in the clerk’s office that day.
6. At a meeting of the board held on July 29, 1996, MacLeod told the board that “the time for their acting upon the plan had expired, and that the plan was deemed approved under [G.L.c. 41, §8 IP] as a matter of right.” At some point during the meeting, however, MacLeod executed a document stating “[a]n extension of time is granted to the Merrimac Planning Board for land owned by Attitash Acres Inc. Said extension is granted until August 12, 1996.”
7. On August 1, 1996, Andover’s office manager mailed a twenty-dollar check to the board “for an additional fee requested for Lanes Ten Acres.”
8. On December 6, 1996, plaintiff filed its complaint, asserting that, in failing to act on its plan within twenty-one days, the board had constructively approved the plan, under G.L.c. 41, §81P, and that plaintiff therefore was entitled to an ANR endorsement of the plan.
Summary judgment is appropriate in the instant case because there are no genuine issues of any material facts which would preclude disposition as a matter of law. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553-56 (1976). Summary judgment may, when appropriate, be entered against the moving party. Mass.R.Civ.P. 56(c).
Under G.L.c. 41, §81P, an applicant may request a planning board to determine whether a plan shows a subdivision of land and, as a result, whether the plan requires approval under the subdivision control law. If the planning board determines that the plan does not require such approval, §81P requires the board to endorse the plan as “approval not required.” Conversely, if the board determines that the plan requires approval, it must so notify the applicant and the town clerk within twenty-one days after the plan is submitted. Section 81P further provides for constructive grant of ANR endorsement if the board fails to act within the twenfy-one-day period.[4] See J.&R. Investment, Inc. v. City Clerk of New Bedford, 28 Mass.App.Ct. 1 (1989) (claim of constructive grant of ANR under §8IP upheld, where planning board failed to act within statutory period);[5] Lynch v. Planning Board of Groton, 4 Mass. App. 781 (1976) (same). See also Carey v. Planning Board of Revere, 225 Mass. 740 (1957).
At oral argument on plaintiffs motion for summary judgment, I raised the question whether plaintiffs complaint was timely filed. In its supplemental memorandum, plaintiff cited J.&R. Investment, Inc. v. City Clerk of New Bedford, 28 Mass.App.Ct. 1 (1989), for the proposition that a claim seeking ANR endorsement by constructive grant is a claim for relief in the nature of mandamus rather than an appeal under G.L.c. 41, §81BB, and that such a claim is therefore not subject to the twenty-day appeal period specified in §81BB.
However, the mere fact that plaintiffs claim is not subject strictly to the statutory twenty-day limit set forth in §81BB does not establish its timeliness. The complaint in J.&R. Investment was filed twenty-five days after the plaintiff in that action had been refused a certificate that its plan had earned constructive endorsement under §81P. In that case, the Appeals Court noted “the legislative concern with establishing orderly procedures for prompt action in matters relating to subdivision control,” stating that “such an action should be brought soon after a clerk’s refusal to comply with a request [for a certificate of constructive grant].” The Court went on to observe that “[t]he Legislature’s selection of a twenty-day period for bringing §81BB appeals is not dispositive of what, in the circumstances, is a reasonable period, but it provides some guidance.” 28 Mass.App.Ct. at 8. Under extenuating circumstances present in that case, the Court in J.&R. Investment found that a delay of tweniy-five days in seeking relief was not unreasonable. By contrast, in the instant case, one hundred thirty-four days elapsed between July 29, 1996 (the date on which plaintiffs representative first expressed to defendants its contention that constructive grant had occurred), and December 10, 1996 (the date of plaintiffs complaint in this action). This lapse of time is more than six times the time period specified for appeals under §8 IBB which, while not dispositive, provides guidance. J.&R. Investment, supra. Cf. Chiuccariello v. Building Commissioner of Boston, 29 Mass.App.Ct. 482, 487-89 (1990).
Moreover, in response to the court’s request that it address the question of timeliness, plaintiff has presented no facts or circumstances which would justify the lengthy delay in bringing this action. Even if plaintiff is excused from bringing an action through expiration of the “extension” granted to August 12, 1996, it waited one hundred twenty days before filing its complaint.[6] Given the statutory guidance on timeliness contained in §81BB, I find such a lengthy delay to be unreasonable, and plaintiffs action is time-barred.
Plaintiffs complaint is dismissed, and judgment shall enter in favor of defendants.

 Under G.L.c. 249, §5, a civil action to obtain relief in the nature of mandamus maybe brought in the Supreme Judicial Court or the Superior Court.

 The record does not include a copy of the plan, nor does it indicate the number of lots shown on the plan.

 G.L.c. 41, §81P provides in relevant part:
[I]f the board finds that the plan does not require such approval [under the subdivision control law], it shall forthwith, without a public hearing, endorse thereon or cause *733 to be endorsed thereon by a person authorized by it the words “approval under the subdivision control law not required” or words of similar import... If the board shall determine that in its opinion the plan requires approval, it shall within twenty-one days of such submittal, give written notice of its determination to the clerk of the city or town and the person submitting the plan, and such person may submit his plan for approval as provided by law and the rules and regulations of the board, or he may appeal from the determination of the board in the manner provided in Section eighiy-one BB. If the board fails to act upon a plan submitted under this section or fails to notify the clerk of the city or town and the persons submitting the plan of its action within twenfy-one days after its submission, it shall be deemed to have determined that approval under the subdivision control law is not required, and it shall forthwith make such endorsement on said plan, and on its failure to do so forthwith the city or town clerk shall issue a certificate to the same effect.

 At the relevant time in J.&R. Investment, Inc. v. City Clerk of New Bedford, the statutory period for a planning board to act on an ANR application was fourteen days, rather than twenty-one. 28 Mass.App.Ct. at 2.

 Though not established by documents in the record submitted by the parties, at oral argument counsel advised that the board denied plaintiffs request for endorsement on or before August 12,1996 (the last day of the extension agreed to by plaintiffs representative). Plaintiff did not take any appeal from such denial.