HELEN STEVENS COOLIDGE & others vs. PLANNING BOARD
of NORTH ANDOVER & others.

Essex.    May 7, 1958. — June 4, 1958.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Zoning. North Andover. Municipal Corporations, Planning board.*

Certain provisions of the zoning by-law of a town permitting motels in
    any district but only after public hearing by the planning board, a
    "site plan review" by it respecting sundry specified factors related to
    the purposes of zoning set forth in the zoning enabling act, G. L. c. 40A,
    and approval by the board "with or without conditions," and clearly
    purporting to allow the board to exercise its judgment as to whether
    motels might be built and operated on particular lots, vested in the
    board more than mere administrative supervision and in substance
    empowered it to grant special permits in accordance with an exception
    under § 4 of c. 40A, and were invalid as in conflict with § 4, under
    which the authority to grant such permits in towns may be given only
    to the zoning board of appeals or the selectmen.

BILL IN EQUITY, filed in the Superior Court on July 26,
1957.

The suit was heard by *Cahill*, J.

*John A. McNiff*, for the plaintiffs.

*Salvatore J. Basile*, (*J. Albert Bradley* with him,) for the
defendants planning board of North Andover and others.

*Michael T. Stella*, for the defendants Filetti.

WHITTEMORE, J.    The plaintiffs, by their appeal, present
for review a decree in the Superior Court adjudging valid
the sections of the zoning by-law of the town of North
Andover which permit motels in any zoning district[1] but
only after a public hearing by the planning board with due
notice and "only after site plan review [against general
and specific by-law requirements] and approval by the

---

[1] The sections of the by-law dealing with the subject of "Motels" are 4.5
to 4.55; these were the sections adjudged valid by the decree. — REPORTER.

Planning Board endorsed in writing on the site plan with or without conditions." The defendants are the town, the building inspector, the members of the planning board, and the applicant for the motel permit and his wife, owners of the subject site.

The defendants contend that the by-law vested in the planning board only administrative supervision. According to this contention, as we understand it, there was a delegation to the planning board of nothing more than a portion of the power usually given to the building inspector or other enforcing officer. We disagree. The by-law in § 4.54 plainly gives the planning board power to exercise its judgment as to whether a motel may be built or operated on a particular lot.[1] The following section (4.55), by contrast, states precise requirements of lot size, land coverage, yard space and building design of the kind with which an administrative officer under most zoning laws is regularly concerned. The discretionary power set forth in § 4.54 is emphasized by the provision for imposing conditions.[2]

It is apparent that the by-law provides that the permit for a motel is to be obtained from a board to which the town has purported to delegate a part of the power to zone under G. L. c. 40A, §§ 2 and 3, and as a means of assuring compliance with decisions made in the exercise of that

---

[1] Section 4.54 provides that "In reviewing each such application, the Planning Board shall study the motel site plan proposed relative to the health, safety and welfare of the prospective occupants, also the occupants of neighboring properties, and users of the adjoining highway, and the welfare of the town generally, including amenity and pleasantness of site plans. In addition to compliance with all of the Land Space and Building Space Requirements set forth below, the Board shall look for" various factors specified in detail including provisions for traffic, parking, service access, sewage, garbage and rubbish disposal, water supply, fire fighting, heating and ventilating, site drainage, landscaping and layout in relation to highway and other lighting, sound proofing, and registration, safe keeping and lounge facilities.

[2] Section 4.53 provides that the building inspector may not issue a permit "until he has received from the Planning Board a written statement of final approval by the Planning Board of the site plan for such motel or addition or alteration, and such statement by the Planning Board shall include a recital of the date on which the Planning Board held the public hear[ing] above required, and a recital of the findings of the Planning Board after such hearing, including any conditions imposed by the Planning Board as part of its final approval, and the Building Inspector shall enforce the fulfillment of such conditions."

power. The specifications of purposes of zoning regulations and restrictions in § 3 of the zoning statute are significantly similar to the general specifications of § 4.54 of the North Andover zoning by-law.

The by-law does specify some criteria which would be relevant in the exercise by the planning board of its statutory power over the subdivision of land under G. L. c. 41, §§ 81K–81GG, but plainly its enactment was not for the purpose of permitting an exercise of that power. See G. L. c. 41, § 81Q.

The zoning statute has, with precision, set out the extent to which the exercise of the zoning power may be delegated by the municipality. G. L. c. 40A, § 4 (exceptions); § 15 (variances). Section 4, after stating that such "exceptions shall be in harmony with the general purpose and intent of the ordinance or by-law and may be subject to general or specific rules therein contained," provides that "The board of appeals established under section fourteen . . . or the city council . . . or the selectmen . . . as such ordinance or by-law may provide, may, in appropriate cases and subject to appropriate conditions and safeguards, grant to an applicant a special permit . . . in accordance with such an exception. Before granting such . . . [there shall be] a public hearing thereon . . . ." The variance power is given only to the board of appeals. G. L. c. 40A, § 15. We have recently held that there is no room for an implication of zoning power in boards other than those specified in the statute. *Colabufalo* v. *Board of Appeal of Newton,* 336 Mass. 213.

The power purported to be given to the planning board in the North Andover zoning by-law was in substance encompassed within the power to grant exceptions under c. 40A, § 4, so that if it had been granted to the board of appeals or the selectmen it would have been a valid delegation. It is insignificant that the provision for motels is not specified in terms as an exception. The by-law requires a permit and provides, in effect, that the granting of the permit is "subject to general or specific rules . . . contained" in the provisions for the permit. The words just quoted are from § 4,

in respect of exceptions. The by-law, in the aspect now being discussed, is not significantly distinguishable from the ordinance which was before us in *Burnham* v. *Board of Appeals of Gloucester*, 333 Mass. 114, which we dealt with as an exception. The Gloucester ordinance permitted motels in any single residence district, but only upon obtaining a permit from the board of appeals which might impose such conditions as the board deemed necessary for the protection of the public after considering the effects upon the neighborhood and the city.

The defendants rely upon *Building Commr. of Medford* v. *C. & H. Co.* 319 Mass. 273, where we held that a zoning ordinance was valid which provided that the building commissioner might not issue a permit for a dump until the board of aldermen had approved the petition. There was also a requirement for a permit from the board of health. We noted (p. 277) that under the ordinance the board of aldermen might prescribe conditions and terms and that "no permit is to be granted that would result in substantial injury." It is apparent (pp. 281, 282, 286) that we dealt with the power in the board of aldermen as a zoning power. The case, however, even before the insertion of G. L. c. 40A, § 4 (by St. 1954, c. 368, § 2), was authority not for a delegation of power to subordinate boards in the discretion of the municipality but rather for a reservation of power in the legislative branch of the municipality. We said (p. 281), after noting that the city might have provided for the granting of an exception by the board of appeals, that it was not bound so to deal with the subject matter and that "The zoning statutes, G. L. (Ter. Ed.) c. 40, §§ 25–30A, inclusive, do not in terms forbid the *reservation by the legislative branch of the city* [emphasis supplied] of the power to approve permits for dumps or for any of the other objectionable uses . . . ." In any event, the 1954 amendment has, as stated, occupied the field. In doing so, it has given an express statutory basis for the implied authority in the city council which we upheld in the *Medford* case, and has added a somewhat analogous option for towns.

In view of the zoning statute and our construction of it, it is irrelevant that the planning board might otherwise be deemed an appropriate agency to determine in the general interest how a motel should be laid out on a particular plot of land.

The provision of the by-law allowing motels necessarily falls with the invalid proviso which is an essential part of it. It follows that the decree below must declare that sections 4.5 to 4.55 of the by-law are invalid because of unauthorized delegation of zoning power to the planning board and that the permits for a motel granted to the Filettis were invalid.

The decree of the Superior Court is reversed and a decree is to be entered in the Superior Court in accordance with this opinion.

*So ordered.*