EDWARD W. RICHARDSON & others *vs.* ZONING BOARD OF
APPEALS OF FRAMINGHAM & others.

Middlesex.   October 6, 1966. — November 7, 1966.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL,
& REARDON, JJ.

*Equity Pleading and Practice,* Zoning appeal.   *Zoning,* Board of appeals:
appeal to board, jurisdiction of board; Access road.

The Superior Court was not deprived of jurisdiction of a bill in equity
under G. L. c. 40A, § 21, by way of appeal from a decision of a zoning
board of appeals by the fact that a photostat of a copy of the decision
certified by the municipal clerk and bearing the date of filing of the
decision with him was attached to the bill instead of such certified copy
itself.   [376–377]
A zoning board of appeals was not deprived of jurisdiction of an appeal
under G. L. c. 40A, § 13, from the issuance of a building permit by the
fact that after seasonable filing of the notice of appeal with the munici-
pal clerk he failed to transmit copies of the notice of appeal to the
building inspector and the members of the board of appeals as directed
by § 16, where it appeared that the board duly held a public hearing
under § 17 and it did not appear that anyone was prejudiced by the
clerk's omission.   [377–378]
A zoning board of appeals was not deprived of jurisdiction of an appeal
under G. L. c. 40A, § 13, seasonably taken from the issuance of a build-
ing permit, by the fact that the notice of appeal did not specify the
grounds thereof as directed by § 16, and in the circumstances procedure
adopted by the board following its public hearing on the appeal, at
which the issue of the deficiency in the notice had been raised, in deny-
ing a request by the appellants for leave to withdraw that appeal and
for a public hearing on a second appeal from the issuance of the permit
seasonably taken by them by a notice of appeal in effect amending
the first notice of appeal, was appropriate and showed no basis for
invalidating the proceedings before the board.   [378–379]
Indorsement by the planning board of a town on a plan of a statement
that, in its opinion, the proposed parking layout for a proposed apart-
ment building shown on the plan complied with the parking require-
ments of the zoning by-law, pursuant to a provision thereof requiring
that the plan be submitted to the board and that it "determine com-
pliance" with such requirements before the issuance of a building per-
mit, was administrative action subordinate to a subsequent decision of
the building inspector issuing the permit and was not itself a decision
from which an appeal lay to the board of appeals under G. L. c. 40A,
§ 13; the first appealable decision was the decision of the building
inspector.   [380–381]

Use of a strip of land in a single residence zoning district of a town as a
   private access road from a street to a parking lot adjacent to an apart-
   ment house in another kind of district was not permitted where the
   town's zoning by-law did not list apartment house use among the per-
   mitted uses in a single residence district and provided that "no change
   [shall be] made in the use of land or premises" therein.   [381]

BILL IN EQUITY filed in the Superior Court on Novem-
ber 10, 1964.
   The suit was heard by *Spring,* J.
   *John C. Acton* for Reservoir Realty Trust.
   *Alan Greenwald* for the plaintiffs.
   WHITTEMORE, J.   This is an appeal to the Superior Court
under G. L. c. 40A, § 21, from a decision of the Framingham
Zoning Board of Appeals, taken by aggrieved owners of
nearby land who are now the appellees before this court.
It concerns the validity and scope of a building permit.
The permit authorized the building of an apartment house
of forty-four apartments and was issued on a plan showing
a private way extending from a required off street parking
lot adjacent to the apartment building to Old Worcester
Road over land zoned for single residences.   The board
ruled, in effect, that the access road did not violate the zon-
ing by-law and upheld the permit.   The judge in the Supe-
rior Court ruled to the contrary and the final decree or-
dered annulled the decision of the board.   The appeal to
this court is by the applicant for the permit, Reservoir
Realty Trust, Albert W. Zarella, sole trustee.   We were
informed in open court that the apartment building has
been erected and that, as an exhibit before us shows, there
is other access to the parking lot, that is, from Worcester
Road.
   1.   The Superior Court had jurisdiction of the appeal
notwithstanding the failure in the literal compliance with
one provision of G. L. c. 40A, § 21.   The statute specifies
that "There shall be attached to the bill a copy of the deci-
sion appealed from, bearing the date of filing thereof, certi-
fied by the city or town clerk with whom the decision was
filed."   The town clerk f Framingham had certified a copy

of the decision, showing its filing date, and had affixed the town seal. The copy of the decision attached to the bill was a photostat of that certified copy. Although this was neither strict compliance nor good practice, it met the substantive statutory purpose. "The principal purpose of the requirement that a certified copy be attached to the bill is . . . to show of record that the suit is timely as well as the precise decision appealed from." *Opie* v. *Board of Appeals of Groton,* 349 Mass. 730, 733. *Greeley* v. *Zoning Bd. of Appeals of Framingham,* 350 Mass. 549, 550–551. There was no failure to meet the jurisdictional requirement of timely filing of the bill of complaint and timely notice thereof to the town clerk. *Halko* v. *Board of Appeals of Billerica,* 349 Mass. 465, 467–468. *Opie* case, p. 732. *Greeley* case, p. 552.

2. The permit is not beyond attack because of procedural defects in the appeal to the zoning board of appeals from the issuance of the permit. General Laws c. 40A, § 16, provides: "Any appeal under section thirteen shall be taken within thirty days from the date of the order or decision which is being appealed, by filing a notice of appeal, specifying the grounds thereof, with the city or town clerk, who shall forthwith transmit copies thereof to such officer or board whose order or decision is being appealed, and to the members of the board of appeals. Such officer or board shall forthwith transmit to the board of appeals all documents and papers constituting the record of the case in which the appeal is taken." The building permit was issued July 20, 1964. The aggrieved owners, by their attorney, gave notice of appeal to the town clerk on July 24, 1964. The appellant relies on the omission of the town clerk thereafter to transmit copies of the appeal to the building inspector and the members of the board. The evidence showed that the required notice was given by the chairman of the board and that the board held a hearing under G. L. c. 40A, § 17, which requires notice by publication. There is no suggestion that the board, or any party, was prejudiced or that the progress of the appeal was im-

peded.   The failure to comply with statutory directions by a public official over whom the appealing party has no control does not defeat the jurisdiction of the tribunal.   *Bogdanowicz* v. *Director of the Div. of Employment Security,* 341 Mass. 331, 332.   *Cohen* v. *Board of Registration in Pharmacy,* 347 Mass. 96, 99.

The appellant relies also on the omission in the notice of appeal of July 24 of a recital of the grounds of appeal.   The appellees offered in the Superior Court evidence tending to show as follows: At the hearing before the board on August 18, 1964, the town counsel, by motion, raised the issue of the deficiency in the July 24 notice.   The present appellees then sought a continuance, which was denied, and on August 19, 1964, the thirtieth day after the issuance of the permit, they filed with the town clerk another notice of appeal.   On the same day they asked the board to allow withdrawal of the July 24 appeal.   On September 12, 1964, the board in writing denied the request to withdraw the appeal.   The board's letter stated that on August 18 it had full opportunity to consider all the facts; the attorney's request then made to continue the hearing was given full consideration; the July 24 appeal "did sufficiently indicate the grounds of appeal so that all persons interested were adequately apprised of the intent of the appeal" and the board therefore refused to grant a second hearing.   This evidence was excluded subject to exception.

The judge ruled that an objective of c. 40A, § 16, was to give the deciding officer notice of the reasons for the appeal, and that a letter by the attorney to the building inspector of May 11, 1964, taken with the notice to the town clerk, showed substantial compliance with § 16.[1]   In this letter the attorney had objected to the permit on the ground that the access road in question would involve a use of land in a single residence district for a purpose ancillary to garden apartment use.   The result in our view does not depend

---

[1] Notice to the board of the grounds of appeal appears also to be a purpose of § 16.   The letter of May 11, 1964, if sent to the board as the statute requires, would have given it also notice of the sole issue being brought before it.

upon this ruling. We assume that failure to comply with the statutory specifications, if prejudicial, or possibly so, could entail adverse consequences to the appealing party and indeed might defeat the appeal. See *Cohen* v. *Board of Registration in Pharmacy,* 347 Mass. 96, 99. We rule, however, that the failure did not mean that the appeal had not come within the jurisdiction of the board. The mandate that an "appeal . . . shall be taken within thirty days" was complied with. Compare *Del Grosso* v. *Board of Appeal of Revere,* 330 Mass. 29, 32.

There is no suggestion of resulting prejudice or inconvenience to anyone from the defect in the claim of appeal. The second notice of appeal, the evidence in respect of which we think should have been received, in effect appropriately amended the first notice within the appeal period. In the circumstances, the procedure adopted by the board was appropriate and shows no basis for invalidating the proceedings. We assume that the reference to the defect at the August 18 hearing was sufficient to avoid any risk of waiver. See *Rousseau* v. *Building Inspector of Framingham,* 349 Mass. 31, 36. Compare *Clancy* v. *Wallace,* 288 Mass. 557, 564–565; *Pitman* v. *Medford,* 312 Mass. 618, 623. But, as a result of that reference, the defect was cured within the statutory period. There is nothing in the point that the amendment followed the hearing. Such is often the case with amendments to pleadings. There is no suggestion that the August 18 hearing was not, as the board stated, fair and complete.

3. The permit is not beyond attack because of the absence of an appeal within thirty days from the planning board's action on April 27, 1964, in placing an indorsement on the plan on which the permit was issued. The indorsement read: "On April 27, 1964 the Framingham Planning Board voted that, in its opinion, this parking layout complies with the parking by-law." The by-law provided (Part IV A): "Section 3. There shall be submitted . . . to the Planning Board for approval, before a building permit shall be issued, a plan of the proposed parking facilities

on which shall be shown . . .: G. Number of parking spaces to be provided, and their proposed layout including access, circulation and maneuvering space, grading, drainage, safety precautions and surfacing material. . . . H. There shall also be shown . . . additional information, if any, necessary for the Planning Board to determine compliance with this By-Law.''

The provision in the by-laws for appeals from the planning board is in Part VII, § A3: ''The Board of Appeals shall have the power to hear and determine appeals from . . . the refusal of the Planning Board to approve the subdivision of lots, where such refusal is for noncompliance with the provisions of this By-Law.'' General Laws c. 40A, § 13, gives an appeal to the board of appeals ''by any person aggrieved by any order or decision of the inspector of buildings or other administrative official in violation of any provision of this chapter, or any ordinance or by-law adopted thereunder.'' The appeal of July 24, 1964, from the issuance of the permit by the building inspector, also claimed appeal from the planning board's prior action.

We hold that the first appealable decision by an administrative official was the issuance of the permit. The indorsement on the plan was a condition of the action by the building inspector; it was not itself a decision granting a permit or adjudicating a right. See *Colabufalo* v. *Board of Appeal of Newton,* 336 Mass. 213, 218. The action by the planning board was administrative in nature and not the invalid exercise of discretionary zoning power. Compare *Coolidge* v. *Planning Bd. of No. Andover,* 337 Mass. 648, 649–651, where the by-law required the planning board to exercise its judgment as to whether the applicant should be permitted to build a motel on the particular lot and the permit could issue only after a recital by the board of its findings, '' '. . . including any conditions imposed by . . . [it] as part of its final approval . . ..' '' The Framingham by-law in contrast calls for ''the Planning Board to determine compliance with this By-Law'' (Part IV A, § 3H). Although this was administrative action, it was subordinate

to the building inspector's decision and hence not itself appealable. The power given to the planning board by Part IV A, § 1, "to determine the proper classification of all proposals" for parking lots, among the thirteen classifications listed (as for example "Stores — Retail Business"), appears also to be a subordinate administrative power in aid of the duty to "determine compliance."

4. The judge rightly ruled that the private access road to serve an apartment house parking lot was not permitted in the single residence district. The by-law does not list apartment house use among the permitted uses of land in such a district. See *Building Inspector of Chelmsford* v. *Belleville,* 342 Mass. 216, 218. Conclusively, in any event, the by-law provides that except for the listed uses "no change [shall be] made in the use of land or premises" in such a district. The case is similar in its essentials to *Brookline* v. *Co-Ray Realty Co. Inc.* 326 Mass. 206, 211–212. See also *Harrison* v. *Building Inspector of Braintree,* 350 Mass. 559, 561, and cases cited; *Park Constr. Co.* v. *Planning & Zoning Bd. of Appeals of Greenwich,* 142 Conn. 30, 36–37; *Windsor* v. *Lane Dev. Co.* 109 Ohio App. 131, 139–143.

The board, in effect, read an implied intent into the zoning by-law to permit, within reasonable limits, such a use of land in a single residence zone.[2] We discern no such intent. If the considerations adverted to by the board are important, they should be expressly dealt with in the by-law.

5. The final decree is to be modified as follows: The decision of the board of appeals and the permit are annulled but to the extent only that they approve and authorize the use of the access road through the single residence district. The decree shall enjoin the use of this access road so long

---

[2] We quote from the board's decision: "[If the board] were to forbid under any circumstances access roads through a residential area to apartment buildings in an adjacent zone, the board could so unduly restrict the proper and orderly development of the town as to thwart the intent and purpose of the zoning by-laws. The [instant] fact situation . . . is such that the allowance of access roads . . . does not create such an onerous burden upon the residentially zoned area as to be unreasonable."

as the road remains private land in a single residence district in which apartment house use is not permitted by the zoning by-law.   The decree shall provide that the appellant may reapply for a permit for the use of the parking lot with one access road, with an accompanying plan to be referred to the planning board as required by the by-law.[3]   As so modified, the decree is affirmed.

*So ordered.*

---

[3] Inspection of the existing plan suggests the likelihood that the existing plan, with only one access road, shows compliance with the by-law requirements for a parking lot.