ROBERT P. BOWEN *vs.* BOARD OF APPEALS OF FRANKLIN & others.[1] No. 93-P-759. May 5, 1994. *Zoning*, Site plan approval.

1. *Status of recommendation of town official to planning board in connection with site plan review.* By the express language of the site plan review provision, § 185-31(D) of the zoning by-law of Franklin, the report of the town department of public works (among others) was "advisory." In view of the use of the quoted word, the plaintiff, who protests approval by the planning board of a site plan for a coffee and donut shop, is simply mistaken in his position that the planning board was required to follow a recommendation by the interim director of public works. One of three recommendations made by that official to the board was that the board should require a study to be performed "to determine how the proposed future use of the site will affect traffic in the immediate area." The other two recommendations were adopted by the board and made conditions of its approval of the donut shop site plan; i.e., among a variety of conditions of approval suggested by various town boards and departments, the planning board included "#1 and #2 of DPW letter dated July 22, 1991." The planning board consciously declined the advice of the town department of public works as to recommendation #3, the traffic study recommendation.

2. *Need for affirmative written findings in site plan approval.* It is a defect of the planning board's site plan approval, the plaintiff complains, that it did not articulate in writing reasons for rejecting the recommendation of the department of public works and for granting site plan approval.[2]

Under § 185-31(C) of Franklin's zoning by-law, the planning board, before approving a site plan, was to make six categories of determinations, which we set forth in the margin.[3] Site plan approval procedures, unlike special permits and variances, involve no special permission or dispensa-

---

[1] CMA Realty Trust Co., Wayne Simarian, Linda J. Giallonardo.

[2] It may fairly be questioned whether that issue was squarely placed before the Land Court judge who heard the defendants' motion for summary judgment. We need not consider an issue which an appellant neglected to call to the attention of the trial judge. *Royal Indemn. Co.* v. *Blakely*, 372 Mass. 86, 87-88 (1977). *Krupp* v. *Gulf Oil Corp.*, 29 Mass. App. Ct. 116, 120 & n.4 (1990). The defendants on appeal seem to concede that the question was put before the Land Court and the memorandum furnished by the plaintiff to the Land Court judge contains the outline of the proposition we are asked to consider. We, therefore, consider it.

[3] Those six criteria are as follows:

"(1) Internal circulation and egress are such that traffic safety is protected and access via minor streets servicing single-family homes is minimized.

"(2) Reasonable use is made of building location, grading and vegetation to reduce visibility of parking areas from public views.

"(3) Adequate access to each structure for fire and service equipment is provided.

"(4) Utilities, drainage and fire-protection provisions serving the site provide functional service to each structure and paved area in the same manner as required for lots within a subdivision.

"(5) Lighting of structures and parking area avoids glare on adjoining properties.

"(6) All other requirements of the [z]oning [b]ylaw are satisfied."

tion. Those procedures are a means of collecting the comments of various municipal authorities — e.g., highway, fire, police, health, building, conservation — as to a specifically identified category of construction permit applications. See *SCIT, Inc.* v. *Planning Bd. of Braintree*, 19 Mass. App. Ct. 101, 105-106 n.12 (1984), which explicates the distinction between site plan review and the authority to grant a special permit. See also, generally, *Y.D. Dugout, Inc.* v. *Board of Appeals of Canton*, 357 Mass. 25 (1970). As those cases and the decision in *Prudential Ins. Co.* v. *Board of Appeals of Westwood*, 23 Mass. App. Ct. 278, 282 (1986), remark, site plan review has to do with regulation of permitted uses, not their prohibition, as would be the case with a special permit or a variance. For that reason the local board need not be held to as demanding a standard of reporting of the factual and legal underpinnings of their approval of a site plan. Indeed, considering the comprehensive consultation required with town boards, departments, and commissions and the breadth of the determinations the planning board is to make (e.g., all other requirements of the zoning by-law are to be satisfied — a responsibility of the building inspector and board of appeal), written explanations of each affirmative determination would produce in each case of site plan review a document of burdensome length. Written justification is not required of a planning board, for example, when it discharges the analogous duty of approving a subdivision control plan. See G. L. c. 41, § 81U, which provides that specific findings are only required of a planning board in the event that: (a) the board of health reports to the planning board that it disapproves of the plan; or (b) the planning board disapproves of the plan. We are of opinion that the Franklin by-law does not require a planning board to back-stop a site plan review with a written analysis of all issues which the board may have considered in approving a site plan.

The judgment for the board of appeals and for the other defendants entered in the Land Court, upon the defendants' motion for summary judgment, is affirmed.

*So ordered.*

*Matthew J. Thomas* for the plaintiff.
*James J. O'Rourke, Jr.*, of Rhode Island, for CMA Realty Trust Co.