Cowin, J.
INTRODUCTION
This case arises from the Town of Franklin’s approval of a site plan submitted by defendant Cobblestone Builders, Inc. for the establishment of an ice cream parlor on property located at the intersection of King and Union Streets in Franklin. Plaintiff Spruce Pond Village Association, the owner of abutting property, filed the present action seeking judicial review of the site plan approval pursuant to G.L.c. 40A, §17. This matter is before the Court on Cobblestone Builders, Inc.’s motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Mass.R.Civ.P. 56. For the reasons discussed below, the defendant’s motion to dismiss is ALLOWED.
BACKGROUND
For purposes of the present motion to dismiss, the following facts as alleged in the complaint are taken as true. Plaintiff Spruce Pond Village Association, Inc. (the Association) is the owner of the common areas of Spruce Pond Village, a condominium located on King Street in Franklin, Massachusetts. On June 4, 1996, defendant Cobblestone Builders, Inc. (Cobblestone) submitted an application for the approval of a site plan to the Franklin Planning Board pursuant to Section 185-31 of the Zoning Bylaw of the Town of Franklin. The application proposed the construction of an ice cream parlor on land adjacent to Spruce Pond Village and owned by Union Street Management, Inc., Trustee of the Marguerite Family Trust.
On August 26, 1996, the Planning Board voted to approve Cobblestone’s site plan and, on August 29th, filed a Certificate of Vote with the Town Clerk. On September 25, 1996, pursuant to G.L.c. 40, §8, the Association appealed the Planning Board’s decision to *396 grant the site plan to the Franklin Board of Appeals (Franklin ZBA). On October 31, 1996, the Franklin ZBA voted to deny the Association’s appeal and uphold the decision of the Planning Board. The Franklin ZBA filed its decision with the Town Clerk on November 13, 1996.
On December 2, 1996, the Association filed the present action in Superior Court alleging that the site plan includes a drainage system which provides for the creation of an artificial channel, including surface water from the site, onto the Association’s land, without legal authority or right. It further alleges that this drainage system will cause environmental damage to the Association’s land including the pollution of Spruce Pond, a body of water located thereon. The Association thus claims to be aggrieved by the decision of the Franklin ZBA and seeks review of said decision pursuant to G.L.c. 40A, § 17. The Association contends that the site plan approval is unreasonable, arbitrary and in violation of both Chapter 40A and the Town of Franklin Zoning Bylaws.
DISCUSSION
When the court considers a motion to dismiss for failure to state a claim upon which relief can be granted, all well-plead allegations in the complaint are to be taken as true and the plaintiff is entitled to all favorable inferences to be drawn therefrom. Nader v. Citron, 372 Mass. 96, 98 (1977); General Motors Acceptance Corp. v. Abington Casualty Insurance Co., 413 Mass. 583, 584 (1992). A Rule 12(b)(6) motion should not be allowed unless it is shown beyond doubt that the plaintiff is entitled to no relief under any state of facts which could be proven in support of the claim. Spinner v. Nutt, 417 Mass. 549, 550 (1994); Romano v. Sacknoff, 4 Mass.App.Ct. 862, 862 (1976).
Pursuant to G.L.c. 40A, §17, the Association’s complaint seeks review of the Franklin ZBA’s decision affirming the Planning Board’s approval of Cobblestone’s site plan. Cobblestone contends that the Association fails to state a claim for which relief can be granted because the Franklin ZBA had no jurisdiction to review the Planning Board’s site plan approval in the first instance, and thus its purported decision is a nullity.[2] Therefore, Cobblestone argues, the Association’s present action for judicial review under §17 must fail.
The Association sought review of the Planning Board’s site plan approval by the Franklin ZBA pursuant to G.L.c. 40A, §8, which provides:
An appeal to the permit granting authority as the zoning ordinance or by-law may provide, may be taken by any person aggrieved by reason of his inability to obtain a permit or enforcement action from any administrative officer under the provisions of this chapter, by the regional planning agency in whose area the city or town is situated, or by any person including an officer or board of the city or town, or of an abutting city or town aggrieved by an order or decision of the inspector of buildings, or other administrative official, in violation of any provision of this chapter or any ordinance or by-law adopted thereunder.[3]
The parties have cited and this Court has found no appellate case law addressing whether the approval of a site plan by a planning board creates a right of appeal under this section. This Court must therefore interpret the language of c. 40A, §8 to determine whether the Franklin ZBA had jurisdiction to review the Planning Board’s decision on these facts. Section 8 is intended to define the classes of appellants with standing to appeal to a Zoning Board of Appeals and, accordingly, sets forth three distinct classes. The first class of appellants is any person aggrieved by the denial of a permit or enforcement action, which does not encompass the facts here.[4] The second class of appellants is regional planning agencies, which clearly does not apply to the present case. The final class of appellants is. any person aggrieved by an order or decision of the inspector of buildings or other administrative official. This category would give the Association standing to appeal the site plan approval if the Planning Board could be deemed an administrative official for purposes of §8 and if the approval of a site plan constitutes an “order or decision.”
Chapter 40A does not define the term “other administrative officials.” However, the general term “other administrative officials” follows the specific term “building inspector” and therefore is informed by it. In ascertaining the correct meaning of a statutory term, the court may apply the principle of ejusdem generis, which limits general terms that follow specific ones to matters similar to those specified. Powers v. FreetownLakeville Regional School District Committee, 392 Mass. 656, 660, n.8 (1984). Accordingly, the term “other administrative officials” must be limited to those officials who act in a capacity similar to that of the building inspector, i.e., an enforcement capacity. Under Franklin’s zoning by-law, the Planning Board’s authority concerns site plan approval and subdivision control, and does not include authority to enforce the zoning by-law, which is reserved to the town’s Building Commissioner. Thus, the term “other administrative officials" does not include the Planning Board.
Finally, if “other administrative officials” were interpreted to include the Planning Board, it would render the first class of appellants in section 8 meaningless. In construing a statute, no portion of the statutoiy language should be treated as superfluous. Casa Loma, Inc. v. Alcoholic Beverages Control Comm'n, 377 Mass. 231, 234 (1979); Devaney v. Town of Watertown, 13 Mass.App.Ct. 927, 928 (1982). Thus, other administrative officials do not include planning boards. There must be a distinction between the first and third categories of appellants because the Legislature uses the words “any person” twice, and this Court must assume that it did so intentionally. One categoiy *397 should not be subsumed under the other; therefore, there are two distinct categories; any person denied a permit himself, and a broader group of persons who are aggrieved by an order of the inspector of buildings or other like administrative official. The latter category should not be read so broadly as to include planning boards, because that would be inconsistent with the purpose of the statute, which is crafted to limit those parties who can appeal matters to the zoning board of appeals. Giving a broad construction to the third category would mean that the exception would swallow the rule. Such interpretation would allow any person to appeal any town action and would eviscerate the apparent legislative intent to limit appellate rights.
Further, this Court concludes that the approval of a site plan does not constitute an “order or decision” for purposes of c. 40, §8. Under the former version of the Zoning Act, section 13 (which corresponds to present section 8) provided an appeal to the Board of Appeals “by any person aggrieved by any order or-decision of the inspector of buildings or other administrative official in violation of any provision of this chapter, or any ordinance or by-law adopted thereunder.” Richardson v. Zoning Board of Appeals, 351 Mass. 375, 380 (1966). In Richardson, the Framingham bylaw at issue called for the planning board to determine the compliance of a proposed site plan with the town’s by-law prior to the issuance of a building permit. Id. Pursuant to c. 40A, §13, the plaintiff sought to appeal both the planning board’s approval of a site plan for neighboring property and the building inspector’s issuance of a permit for that property to the Zoning Board of Appeals. However, the Court held that:
the first appealable decision by an administrative official was the issuance of a permit. The endorsement on the plan was a condition of the action by the building inspector; it was not itself a decision granting a permit or adjudicating a right . . . The action by the planning board was administrative in nature and not the invalid exercise of discretionary zoning power . . . and hence not itself appealable. Id. at 380-81.
See also McDonald’s Corp. v. Town of Seekonk, 12 Mass.App.Ct. 351, 352 (1981). In that case, Seekonk’s zoning by-law required a plan for a parking area to be submitted to the planning board for its approval before a permit for a restaurant could be issued by the building inspector. The planning board rejected the plan, causing the building inspector to refuse to issue a building permit. The Court held that once the building inspector denied the building permit for the parking area, McDonald’s sole recourse was an appeal of the permit denial to the board of appeals under §8. The planning board had no power to enforce zoning regulations. Id. at 352-53.
Similarly, in the present case, Franklin’s site approval process is a prerequisite to the issuance of a building permit and is essentially administrative in nature. Section 185-31(A) of Franklin’s by-law states:
applications for permits for construction, if resulting in an increase to ten (10) or more total parking spaces on the premises or if involving multifamily dwellings, shall be subject to site plan review and approval by the Planning Board ... No building permit shall be issued without receipt of written site plan approval by the Planning Board, unless thirty (30) days lapse from the date of application without receipt of notice of the Planning Board’s action.
Section 185-31(C) further states that the Planning Board shall approve a site plan only upon determination that certain requirements relating to traffic, fire safety, and aesthetics have been met and that “[a] 11 other requirements of the Zoning Bylaw are satisfied.” Thus, relying on Richardson as authority, this Court concludes that the approval of a site plan by the Planning Board is merely a prerequisite to issuance of a building permit by the Building Inspector and as such, is not an appealable “order or decision” within the meaning of c. 40A, §8.
Thus, the Franklin ZBA had no authority under c. 40A, §8 to review the Planning Board’s approval of the site plan, and the ZBA’s purported decision is a nullity which cannot be the subject of further review by this Court pursuant to §17. Moreover, since the Planning Board was not acting as a special permit granting authority when it approved Cobblestone’s site plan, the Association has no right of direct appeal to this Court under section 17.[5] Accordingly, the Association’s complaint fails to state a claim upon which relief may be granted and must be dismissed.
That is not to say that there is necessarily no avenue of appeal for a parly such as the Association which is aggrieved by the granting of a site plan approval. To the extent that the Planning Board action represents a final decision and there is no other statutory form of review, the aggrieved party would be entitled to judicial review by means of a petition for writ of certiorari. See Stefanik v. Planning Board of Uxbridge, 39 Mass.App.Ct. 418, 424 (1995) (holding that in the absence of a statutorily prescribed right of review of the granting of a §8 IP approval not required endorsement, the proper remedy for an aggrieved party is an action in the nature of certiorari pursuant to G.L.c. 249, §4). See also Serio v. Sturbridge Planning Board, Civil No. 942772 (Super. Ct. Mar. 4, 1996) (Kottmyer, J.).
Relying on the above consideration of the wording of the statute to determine legislative intent and on Stefanik, supra, as precedent, this Court concludes that the present matter is not properly before this Court.[6]
My conclusion is consistent with that of other trial courts which have considered this issue. See Liberty *398 Commons Realty Trust v. Gurge, Civil No. 960024, 6 Mass. L. Rptr. 166 (Worcester Super. Ct. October 1996) (Toomey, J.); Doe v. Cross Point Realty Trust, Misc. No. 224529 (Land Court, Middlesex, Dec. 9, 1996) (Lombardi, J.) (holding that absent specific statutoiy language allowing an appeal from approvals of site plans, a zoning board of appeals has no authority to review such plans).
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Cobblestone Builders, Inc.’s motion to dismiss is ALLOWED.

 The Board of Appeals has neither filed a motion to dismiss in its own behalf nor sought to intervene in Cobblestone’s present motion.

 The Association’s appeal was also brought under Section 185-44-D-2(c)[3] of the Town of Franklin Zoning By-Law which states that the Board of Appeals will hear and decide appeals when taken by “[a]ny person, including an officer or board of the Town of Franklin or of any abutting town, if aggrieved by any order or decision of the Building Commissioner or other administrative official in violation of Chapter 40A of the General Laws or of this chapter.”

 The approval or rejection of a site plan by a planning board does not constitute part of the permitting process for the purposes of c. 40A. It should be noted that the Zoning Act itself contains no reference to site plan review. However, the courts have held that a municipal ordinance or bylaw may require review and approval of a site plan in connection with an application for either a building permit or special permit as a means of ensuring that all requirements of the town’s zoning by-law have been met. Y.D. Dugout, Inc. v. Board of Appeals of Canton, 357 Mass. 25, 30-31 (1970); Hallenborg v. Billerica, 360 Mass. 513, 521 (1971); Bellows Farms, Inc. v. Building Inspector of Acton, 364 Mass. 253, 261 (1973); Auburn v. Planning Board of Dover, 12 Mass.App.Ct. 998, 998 (1981). The courts have also emphasized that site plan review is distinct from the special permit process set forth at c. 40A, §9. Prudential Ins. Co. of America v. Board of Appeals of Westwood, 23 Mass.App.Ct. 278, 280-82 (1986); V.S.H. Realty, Inc. v. Zoning Board of Appeals of Plymouth, 30 Mass.App.Ct. 530, 534 (1991); Bowen v. Board of Appeals of Franklin, 36 Mass.App.Ct. 954, 955 (1992). In contrast to the permit process, site plan review is a regulation of permitted uses rather than a prohibition, “contemplating primarily the imposition, for the public protection, of reasonable terms and conditions.” Y.D. Dugout v. Board of Appeals of Canton, 357 Mass. 25, 31 (1970). See also Prudential Ins. Co. of America v. Board of Appeals of Westwood, supra at 281; Bowen v. Board of Appeals of Franklin, supra at 955. Thus, site plan review does not constitute part of the permitting process for purposes of §8 and the Association does not have standing to appeal the Planning Board’s decision under this first category of appellants.

 G.L.c. 40A, §17 provides in relevant part that “(a]ny person aggrieved by a decision of the board of appeals or a special permit granting authority . . . may appeal to the land court department or to the superior court department in which the land concerned is situated.” Under this provision, a person may directly appeal a planning board’s approval of a site plan to the Superior Court in those situations where the planning board has acted in the capacity of a “special permit granting authority.” See Quincy v. Planning Board of Tewksbury, 39 Mass.App.Ct. 17, 20-22 (1995). However, the Association does not allege, nor does the record establish, that the Planning Board acted in such a capacity in the present case.

 The Association cites Bowen v. Board of Appeals of Franklin, 36 Mass.App.Ct. 954 (1994), in support of its contention that an appeal to the Franklin ZBA was a proper avenue of review of the site plan approval. In the Bowen case, a rescript, the Appeals Court upheld a decision of the Franklin ZBA affirming a site plan approval. However, the Court did not address the issue of whether the board of appeals had jurisdiction in the first instance to hear such an appeal and a review of the briefs filed in Bowen indicates that the parties did not raise the matter. Given the other indications that the Legislature did not intend this type of review, whatever “tacit approval” is represented by Bowen is insufficient to conclude that such review is authorized.