NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-978

PAUL GRIFFITH & others[1]

vs.

BELLINGHAM ZONING BOARD OF APPEALS & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs appeal from a decision by a judge of the Land Court dismissing their complaint challenging the Bellingham Zoning Board of Appeals' issuance of a comprehensive permit under G. L. c. 40B, §§ 20-23, allowing the defendant to construct a twenty-eight-unit, single-family home affordable housing development.[3] On appeal, while the plaintiffs have

---

[1] Susan M. Flaherty; John J. Flaherty, Jr.; Caroline W. Griffith; Jerry Bruno; Kristin Bruno; Kate S. Parsons; John D. Webb, Jr. Trustee of the Webb Family Trust; Judith T. Webb, Trustee of the Webb Family Trust; Antonio Spinelli; Jacquelyn Spinelli.

[2] Edward Gately, Trustee of the Hidden Meadow II Realty Trust and the Town of Franklin.

[3] The Bellingham Zoning Board of Appeals and the Town of Franklin did not file briefs in this appeal. Edward Gately,

abandoned their claim regarding the permit under G. L. c. 40A § 17, the plaintiffs argue the judge erred in dismissing with prejudice counts I and II of their complaint, which challenged the permit under G. L. c. 41, § 81O, § 81W, and G. L. c. 240, § 14A.[4]  We affirm.

Background.  We summarize the relevant, undisputed facts. The defendant owns a 9.6-acre parcel of land in Bellingham and has obtained a comprehensive permit to build an affordable housing development pursuant to G. L. c. 40B, §§ 20-23, to be called Burton Woods ("development").  The development will be comprised of twenty-eight single-family homes on an undivided lot with a condominium-style ownership scheme.  The development has no frontage on any private or public way in the town of Bellingham.  Instead, its only means of access is over Sunken Meadow Road, which is a private way located in a subdivision in the bordering town of Franklin.[5]  Two parcels, owned by two sets of plaintiffs, the Flaherty and Griffith families, abut the development.  These parcels are subject to an easement allowing

---

trustee of Hidden Meadow II Realty Trust, was the only defendant represented.  We refer to the trust as "the defendant."

[4] The plaintiffs' second amended complaint, with the assented-to addition of six plaintiffs, is the operative complaint, to which we refer.

[5] The Cranberry Meadows subdivision was established with a recorded subdivision plan in 1987.

2

the defendant to use Sunken Meadow Road for access to the development. The parcels are also currently subject to an easement for a temporary turnaround, also referred to as a "cul-de-sac," until such time as Sunken Meadow Road is extended to the development. The defendant plans to pave an extension from the cul-de-sac to connect Sunken Meadow Road to the development.

The plaintiffs challenged the permit in the Land Court on four counts. After a four-day bench trial, which included the admission of sixty exhibits and the testimony of numerous lay and expert witnesses, the judge took the matter under advisement. In a thoughtful and comprehensive decision, the judge made numerous factual findings and credibility determinations, ultimately dismissing all four counts of the plaintiffs' complaint with prejudice. Plaintiffs appeal the judge's dismissal of counts I and II in their second amended complaint. We address each argument in turn.

Discussion. 1. Count I. In count I of the complaint, the plaintiffs sought a declaratory judgment under G. L. c. 231A, § 1. They alleged that the proposed extension of Sunken Meadow Road constitutes a modification of their subdivision plan, requiring approval by the Franklin Planning Board under G. L. c. 41, § 81O and § 81W. The plaintiffs also alleged that such a modification would affect them and therefore requires their

consent under § 81W.[6]  On appeal, they claim that the judge erred in dismissing count I, especially in light of the fact that, in his analysis, the judge reasoned that the extension of the road would require the approval by the Franklin Planning Board.  At issue is the judge's interpretation of G. L. c. 41, § 81O and § 81W.  We review the interpretation of a statute de novo.  See Commonwealth v. J.F., 491 Mass. 824, 836 (2023).

Section 81O of the subdivision control law provides that, once a subdivision plan is approved, "the location and width of ways shown thereon shall not be changed unless the plan is amended accordingly as provided in section eighty-one W."  G. L. c. 41, § 81O.  Section 81W provides that any modification or amendment of a subdivision plan is subject to the approval of the planning board.  G. L. c. 41, § 81W.  Section 81W also requires the consent of the owners of lots "affected" by a modification of a subdivision plan.  The judge concluded that the plaintiffs' lots were not "affected" under the meaning of § 81W and that the defendant was not required to obtain the plaintiffs' consent to extend Sunken Meadow Road.

---

[6] The plaintiffs also argued, in the alternative to their G. L. c. 231A, § 1 claim, that G. L. c.  41, § 81Y enabled them to bring a ten taxpayer claim to enforce the Franklin Subdivision Rules and Regulations.  The judge held that this claim was not yet ripe, which the plaintiffs conceded was correct at oral argument.

4

In Patelle v. Planning Bd. of Woburn, we held that only plan modifications that impair the marketability of lot owners' titles required their consent under § 81W. See 20 Mass. App. Ct. 279, 282 (1985). "Examples would be modifications which altered the shape or area of lots, denied access, impeded drainage, imposed easements, or encumbered in any manner and extent of use of which the lot was capable when sold." Id. Marketability of title is a term of art that "relates to defects affecting legally recognized rights and incidents of ownership" and is distinct from economic marketability. See Somerset Sav. Bank v. Chicago Title Ins. Co., 420 Mass. 422, 428 (1995). Changes to a subdivision plan that affect economic marketability alone i.e., "indirect effects," do not require the consent of subdivision lot owners. See Patelle, supra at 282, 284.

Here, the lots owned by the Flahertys and Griffiths are already subject to the easement to extend Sunken Meadow Road to the Bellingham town line. They are also subject to the easement for the temporary turnaround or cul-de-sac, which will cease to exist when Sunken Meadow Road is extended. The plaintiffs argue that the Flahertys and Griffiths are "affected" for purposes of § 81W i.e., that the marketability of their title would be affected, because their lots would be doubly burdened by the road and cul-de-sac easements. The reality, however, is that the lots are already doubly burdened. The Flahertys and

Griffiths took title to their lots subject to both of these easements.  While the physical features of their lots will change if the development goes forward, no legal rights will be affected.[7]  The plaintiffs contend that the defendant has no plan to remove the asphalt that currently constitutes the existing cul-de-sac, but § 81W is concerned with marketability of title to the lots, not with their physical features.  See Patelle, 20 Mass. App. Ct. at 282 ("physical changes [may] affect . . . lots in a subdivision, e.g., location of trees, width of streets, planting between the curb and lot lines . . . .  They do not, however, limit the utility of those lots and, hence, do not 'affect' them in the statutory sense").[8]  Accordingly, the judge did not err in holding that the defendant is not required to obtain the plaintiffs' consent to extend Sunken Meadow Road.

Plaintiffs also argue count I should not have been dismissed because the judge agreed with their claim that the subdivision control law required the defendant to obtain the approval of the Franklin Planning Board to extend Sunken Meadow Road.  After the judge issued his decision, plaintiffs moved to

---

[7] The temporary turnaround easement will disappear when Sunken Meadow Road is extended, but this fact is already reflected in the titles in question.

[8] To the extent there is a dispute as to who may be responsible for removing the actual cul-de-sac asphalt, the subdivision control law does not provide a cause of action to resolve it.

amend the judgment and sought clarification because, despite the judge's apparent agreement that the defendant must obtain a permit from the town of Franklin, the judge nevertheless dismissed count I.

The judge's dismissal was appropriate, however, because the plaintiffs failed to demonstrate they had standing to seek a declaratory judgment under G. L. c. 231A, § 1.  See Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc. v. Commissioner of Ins., 373 Mass. 290, 292 (1977) ("plaintiff must demonstrate the requisite legal standing to secure [declaratory relief]").  "G. L. c. 231A, by itself, does not provide an independent statutory basis for standing." Massachusetts State Police Commissioned Officers Ass'n v. Commonwealth, 462 Mass. 219, 222 (2012), citing Indeck Me. Energy, LLC v. Commissioner of Energy Resources, 454 Mass. 511, 516-517 (2009).  "To establish standing, the alleged injury must be 'within the area of concern' of the statute." Massachusetts State Police Commissioned Officers Ass'n at 223, quoting Indeck, supra. "[C]ontroversy in the abstract is not sufficient to allow a plaintiff to invoke the declaratory judgment remedy.  The plaintiff must also be one who, by virtue of a legally cognizable injury, is a person entitled to initiate judicial resolution of the controversy" (citation omitted).

Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc., supra at 293.

Because the proposed extension of Sunken Meadow Road does not require the plaintiffs' consent, they lack a legally cognizable injury and therefore lack standing to obtain a declaratory judgment under G. L. c. 231A, § 1.  While the defendant may have a legal obligation to obtain a permit from the town of Franklin, this fact alone would not confer standing on the plaintiffs under G. L. c. 231A, § 1.  Nor does it constitute error for the judge to acknowledge this obligation while dismissing the plaintiffs' claim.[9]  Count I was properly dismissed.

2.  Count II.  In count II of their second amended complaint, the plaintiffs sought a declaratory judgment, pursuant to G. L. c. 240, § 14A ("Section 14A"), that the defendant's proposed use of Sunken Meadow Road would violate Franklin's zoning ordinance.  The judge dismissed the claim, holding that the Land Court lacked subject matter jurisdiction and that the plaintiffs lacked standing.  The plaintiffs contend that the judge erroneously conflated their claim seeking a

_____

[9] This does not leave the plaintiffs without a remedy, should the defendant attempt to extend Sunken Meadow Road without a permit.  At that point, the plaintiffs' ten taxpayer claim would be ripe, which provides for injunctive relief.  See G. L. c. 41, § 81Y.

8

declaratory judgment regarding Sunken Meadow Road with a claim seeking to invalidate the permit under G. L. c. 40A, § 17.

First, we note that we agree with the Land Court judge that a challenge to the issuance of a permit does not lie under chapter 240 § 14A. See Whitinsville Retirement Soc'y, Inc. v. Northbridge, 394 Mass. 757, 762 (1985). It was reasonable for the judge to conclude that the plaintiffs' § 14A claim was really a request to annul the Bellingham zoning board's decision. Much of the plaintiffs' complaint and the four-days of trial testimony focused on their challenge to the permit under G. L. c. 40A, § 17, and the plaintiffs do not appeal the judge's dismissal of that count. However, to the extent that count II sought a declaratory judgment that the proposed use of Sunken Meadow Road would violate the Franklin zoning ordinance, that argument fails on the merits.[10] As a threshold matter, resolving the plaintiffs' claim on the merits requires interpretation of the Franklin zoning ordinance and the common law, both of which this court reviews de novo. See Lexington Pub. Sch. v. K.S., 489 Mass. 309, 317 (2022). See also Doherty v. Planning Bd. of Scituate, 467 Mass. 560, 567 (2014).

---

[10] The Land Court has jurisdiction to evaluate the extent to which a proposed use of a way complies with a town's zoning ordinance. See Banquer Realty Co. v. Acting Bldg. Comm'r, 389 Mass. 565, 570 (1983). The plaintiffs also likely had standing to seek a declaratory judgment as owners of a fee interest in the way under the derelict fee statute, G. L. c. 183, § 58.

9

The plaintiffs argue that the proposed use of Sunken Meadow Road to access the development is impermissible because the development does not comply with the Franklin zoning ordinance, so use of the road should be barred under the common-law "access is use" doctrine. Under the access is use doctrine, "use of land in one zoning district for an access road to another zoning district is prohibited where the road would provide access to uses that would themselves be barred if they had been located in the first zoning district." Beale v. Planning Bd. of Rockland, 423 Mass. 690, 694 (1996). Here, the defendant proposes to build twenty-eight single-family homes in the development, an undisputed fact. The access road to the development, Sunken Meadow Road, is situated in Franklin's "Rural Residential I" zoning district, which permits single family residential uses by right.

The plaintiffs argue that § 185-11 of the Franklin Zoning Bylaw, which prohibits the construction of more than one single-family dwelling on a single lot, precludes the use of Sunken Meadow Road for access to the development. This argument misunderstands the access is use doctrine, which seeks to prevent conflicting uses rather than requiring conformity to every zoning requirement. See e.g., Harrison v. Building Inspector of Braintree, 350 Mass. 559 (1966) (conflict between industrial and single-family uses); Richardson v. Zoning Bd. of

10

Appeals of Framingham, 351 Mass. 375 (1966) (conflict between multifamily and single-family uses); Beale, 423 Mass at 694 (conflict between retail and industrial uses). The plaintiffs cite no authority, and we have found none, that has invalidated the use of a way in a single-family zoning district for access to a single-family development in another district. In an attempt to skirt this issue, the plaintiffs characterize the development as a multifamily development due to its proposed undivided lot ownership structure. This misapplies the law, as a "fundamental principle of zoning [is that] it deals basically with the use, without regard to the ownership, of the property involved or who may be the operator of the use" (quotations omitted) CHR Gen., Inc. v. Newton, 387 Mass. 351, 356 (1982), quoting 1 A. Rathkopf, Zoning and Planning § 1.04, at 1-21 (4th ed. 1982). In CHR Gen., the basis for the Supreme Judicial Court's decision was that a building composed of condominium units does not use the land upon which it sits any differently from a building containing apartments. 387 Mass. at 356-357. Similarly here, a development composed of single-family homes owned in a condominium scheme does not use the land upon which it sits any differently than if the same single-family homes were subdivided into separate lots. As such, the plaintiffs' access is use argument fails on the merits -- the use of Sunken

11

Meadow Road to access the proposed development does not violate the Franklin zoning bylaws.

   Conclusion.   In sum, the plaintiffs' consent is not required for the extension of Sunken Meadow Road under G. L. c. 41, § 81W, and the judge's dismissal of count I of their second amended complaint was proper.   Furthermore, dismissal of count II of the plaintiffs' second amended complaint was proper because it fails on the merits.

                              Judgment affirmed.

                              By the Court (Meade, Walsh &
                                 Smyth, JJ.[11]),

                              Clerk

Entered:   February 11, 2025.

---

   [11] The panelists are listed in order of seniority.

12